BOARD OF COMMISSIONERS OF GREENE COUNTY,
INDIANA *v.* SHERTZER ET AL.

[No. 10,790. Filed June 25, 1920.]

1. MASTER AND SERVANT.—*Workmen's Compensation.—Relation.
—Independent Contractor.—Painter Hired by the Hour Is Employe.—Evidence.*—One hired by the hour to do painting and
by the roll to do paperhanging, the employer to furnish all
apparatus and materials for the work, though he was to be
"his own boss" in doing the work, cannot be said to have
been an independent contractor, but was an employe, and evidence thereof is sufficient to justify a finding by the Industrial Board that he was, when injured, in the employ of appellant. p. 590.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Vertigo.—Cause of Death.—Question for Industrial Board.*—Where
an employe fell from a ladder as a result of an attack of vertigo while at his work, it does not necessarily follow that
the cause of his death was the disease, and the question as to
whether or not his death was the result of an accident arising
out of his employment was for the Industrial Board. p. 591.

From the Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act
by Jennie M. Shertzer and another against the board
of commissioners of Greene county, Indiana. From an
award to the applicants, the employer appeals. *Affirmed.*

*William L. Cavins, D. W. McIntosh* and *Guy H.
Humphreys,* for appellant.

*William L. Slinkard,* for appellees.

REMY, J.—The superintendent of the county poor
asylum of Greene county, by oral direction of the board
of commissioners of the county, the appellant herein,
employed one John H. Shertzer, a painter and paperhanger, to do certain painting and paperhanging, for
which work said Shertzer was to receive fifty cents an
hour for painting and thirty cents a roll for hanging

the paper. Appellant was to, and did, furnish the necessary ladders and scaffolding, and was also to select and furnish the paints, paper and other materials to be used in the work. Shertzer was to be "his own boss" as to how the paint and paper was to be put on. A few minutes after he had eaten a hearty dinner, and while doing the work, Shertzer fell from a ladder on which he was standing, and upon the floor of the room where the work was being done. When asked how he came to fall, he replied that he "became dizzy, and seemed to be going round and round." As a result of the injuries thus received, Shertzer died ten days later. The physician who attended him stated that dizziness, such as was complained of by Shertzer, might have been the result of eating an excessive meal.

Appellees, who were the dependents of Shertzer, made application to the Industrial Board for compensation, and, upon hearing evidence showing the above facts, the board found that Shertzer at the time of his injury was in the employment of appellant, and that his death was the result of an accident arising out of and in the course of such employment, and made an award in favor of appellee Jennie M. Shertzer.

Appellant has assigned as error that the award is not sustained by sufficient evidence, and is contrary to law.

It is first urged by appellant that Shertzer at the time of the accident which resulted in his death was an independent contractor, and that there is no evidence to sustain the finding of the Industrial Board that he was at the time in the employment of appellant.

It appears from the evidence, as above stated, that Shertzer was hired to do the painting and paperhanging, the materials to be selected and furnished by

1. appellant; that appellant was to supply the ladders and scaffolding required in the conduct of

the work, and that his compensation was to be fifty cents an hour for the painting, and thirty cents a roll for the papering. Under such contract Shertzer could have ceased work at any time he chose, and appellant could have discharged him at any time. The evidence that in the work of putting on the paint and paper Shertzer "was his own boss" must be considered in connection with the other evidence as to the relationship of the parties to the contract, and, when so considered, it cannot be said that Shertzer must be held to have been an independent contractor. We hold that there is evidence to support the finding of the Industrial Board that Shertzer was at the time in the employment of appellant. See *Muncie Foundry, etc., Co.* v. *Thompson* (1919), 70 Ind. App. 157, 123 N. E. 196; *Caca* v. *Woodruff* (1919), 70 Ind. App. 93, 123 N. E. 120.

It is asserted by appellant that it conclusively appears from the evidence that Shertzer fell to his death as a result of an attack of vertigo, and that therefore there can be no recovery of compensation, even though it should be found that at the time of the accident he was in the employ of appellant.

If it be conceded that Shertzer's fall was the result of vertigo, it does not necessarily follow that the cause of his death was the disease. A fall as a result 2. of vertigo would not, in all probability, have caused death or serious injury, had it not been for the fact that Shertzer was at the time, and by reason of his employment, standing upon the ladder. *Miller* v. *Biel* (1920), —— Ind. App. ——, 129 N. E. 493. See *Carroll* v. *What Cheer Stables Co.* (1916), 38 R. I. 421, 96 Atl. 208, L. R. A. 1916D 154, Ann. Cas. 1918B 346; *Wicks* v. *Dowell & Co.* (1905), 2 K. B. 225, 2 Ann. Cas. 732. The question as to whether or not the death of the employe was the result of an accident arising out of his

employment was a question for the Industrial Board. *American Hominy Co.* v. *Davis* (1920), 74 Ind. App. ——, 126 N. E. 703. There is evidence to support the finding and award.

Affirmed.