## HOOSIER VENEER COMPANY *v.* INGERSOLL.

[No. 11,166. Filed February 21, 1922. Rehearing denied June 29, 1922.]

1. MASTER AND SERVANT.— *Workmen's Compensation Act.— Questions of Fact.—Relationship of Master and Servant.— Finding.—Conclusiveness.*—In a proceeding for compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), the question as to whether the injured person was an employe at the time of his injury is an ultimate fact to be determined from the evidence, and if the evidence presented to the Industrial Board is conflicting, or if from such evidence reasonable minds might draw opposite conclusions, the finding of the board is conclusive. p. 520.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Relationship of Master and Servant.—Finding.—Evidence.*—In a proceeding for compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), a finding by the Industrial Board that one employed to haul logs at a specified rate per thousand feet, for which work he furnished his own teams, equipment, etc., and performed the work without supervision, was an employe and not an independent contractor, *held* supported by sufficient evidence. p. 521.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Edwin E. Ingersoll against the Hoosier Veneer Company. From an award for applicant, the defendant appeals. *Affirmed.*

*Joseph W. Hutchinson,* for appellant.

*Crane & McCabe,* for appellee.

REMY, J.—This is an appeal from an award of the Industrial Board, and the only question involved is the sufficiency of the evidence to sustain the board's finding that appellee was, at the time of his injury, an employe of appellant. It is urged by appellant that the evidence shows appellee to have been, at the time, an independent contractor.

The facts as shown by the evidence are substantially

as follows: Appellee was a farmer who from time to time hauled logs for timber buyers who had purchased timber in his neighborhood, such work being done by him at such times as it did not interfere with his farm work. A short time prior to his injury, one Mutchler an agent of appellant called appellee by telephone, and told him that appellant had purchased a certain tract of timber, and asked if appellee and his brother-in-law, Herron, would haul the logs to the railroad. In response, appellee told Mutchler that they would try it for a while, and see if they could make wages, and if they found they could not make wages they would quit. Nothing was said at the time as to how much they were to be paid; but they were told to go ahead with the work. Appellee and Herron each began to haul, each using his own team and wagon, chains, skids, etc., and each kept an account of the number of feet of timber, log measure, he had hauled, each reporting to appellant, and each was paid for the number of feet hauled by him, as per his statement to the company. Compensation was at first $1.75 per hundred, but upon complaints by appellee and Herron that they could not make wages the pay was increased to $2 per hundred. The haulers had the choice as to what road they would haul over, how long they would work each day, and on what days they would work, except that they were "not to haul when it was too muddy." Nothing was said as to any definite time within which the work was to be done. There was no certain amount of timber to be hauled by them, or either of them, and neither was required or undertook to haul all of the timber or any definite part thereof. As to the manner of loading the logs and the number of logs in a load, each hauler determined for himself. After appellee and Herron had been hauling, Mutchler said to appellee that he "had a notion to put on some other teams," but, upon an offer by appellee to furnish another team

to be driven by his son, Mutchler said that in that event he would have all the teams he needed. Appellee and Herron did not always haul at the same time, and neither had any control over the other as to when or how he should haul. Frequently when both were hauling they would "work together just for company or to help each other out when in a tight place." Appellee and Herron loaded upon cars the logs they hauled, for which work they received thirty-five cents per hundred. In this they always worked together. This was under a separate arrangement entered into through Mutchler after the parties had been employed to haul the logs. Appellee's son began hauling on Monday before appellee was injured later in that week, and got his pay from appellee out of the last pay check received by appellee, which was in accordance with the directions of Mutchler, who at the time the son began hauling told appellee to include the amount due the son in appellee's statement, and appellee could pay his son. Appellee was injured while he was in the act of fastening logs on his wagon preparatory for hauling.

In a proceeding before the Industrial Board for compensation, the question as to whether the person who suffered the injury was at the time an employe,

1. is an ultimate fact to be determined from the evidence. If the evidence presented to the Industrial Board at the hearing is conflicting, or if from such evidence reasonable minds might draw opposite conclusions, the question is for the board. *McDowell* v. *Duer* (1922), *ante* 440, 133 N. E. 839; *Coppes Bros. & Zook* v. *Pontius* (1921), 76 Ind. App. 298, 131 N. E. 845; *Board* v. *Shertzer* (1920), 73 Ind. App. 589, 127 N. E. 843. See also, *Sargent Paint Co.* v. *Petroytzky* (1919), 71 Ind. App. 353, 124 N. E. 881.

In the case of *McDowell* v. *Duer, supra,* which was recently decided by this court, the facts found by the In-

dustrial Board are similar to the facts in the case

2. at bar. The controlling questions of law, which are the same in both cases, were fully considered in the court's opinion in that case. Since we adhere to the law as there laid down, no good purpose would be served by a restatement in this opinion.

We hold that there is evidence to support the finding of the Industrial Board that appellee was at the time of his injury an employe of appellant.

Affirmed.

## DISSENTING OPINION.

ENLOE, J.—I find myself unable to concur in the conclusion reached by my associates, for the reasons hereinafter stated.

There is no conflict in the testimony given in this case upon any material fact. The sole question arising in this record for our decision is: Was the appellee an employe or an independent contractor at the time he received the injuries causing the disability upon which the award was based? If he was an employe within the meaning of our Workmen's Compensation Act, then the award is right and this case should be affirmed, but, if on the other hand he was an independent contractor then the award is contrary to law and should be set aside.

The appellee and one Mutchler were the only persons who testified concerning the contract of employment, and their testimony is entirely in harmony. We learn from the testimony of the appellee, that his business was that of farming and log hauling, and that he had been hauling logs for four or five years, furnishing and using his own team, wagon, harness, chains, skids, hooks, and all implements used in hauling logs; that he engaged in the business of hauling logs, when he was not busy on the farm, and had hauled logs for appellant at different times during a period of four or five years then last past.

He further testified that one Herron, a neighbor, was also hauling logs from the same timber, using his own team, wagon, etc., and that in hauling the logs he and Herron usually worked together, so that they could assist each other, if either needed help, and that he had no control over Herron, nor had Herron any control over him; that the logs were measured, and they were paid according to the quantity hauled, at first at the rate of $1.75, and later at $2 per hundred feet. It appears from his testimony that the hauling was done irregularly, sometimes one, and sometimes three or four days per week. He also testified that while doing this work neither the appellant nor Mutchler, its agent, had any authority or control over him, as to the loading or hauling of the logs, or as to the number of logs he should haul, or the road he should travel; he determined those things for himself.

As to the contract under which he was working, appellee testified that, "Mutchler called me up by telephone and told me he had bought that timber and wanted to know if we, meaning Herron and myself, would haul it, and I said we would try it for a while and see if we could make wages, and if we couldn't, we would quit, and Mutchler said go ahead."

The evidence further discloses that Mutchler was a timber buyer for appellant, and that when he bought timber he made arrangements for having it cut and the logs hauled to a railroad, to be shipped to Indianapolis.

While the appellee was engaged in hauling logs under his employment as above, he received an injury by accident, for which he asks compensation from appellant.

Whether a finding is an ultimate fact, or a conclusion of law, depends upon whether it is reached by natural reasoning from evidential facts, or by the application to such facts of the artificial rules of law. *Levins* v. *Rovegno* (1886), 71 Cal. 273, 12 Pac. 161.

The Industrial Board has found that the appellee was an *employe* of appellant at the time he received such injury. If this finding is a finding of fact, and is sustained by any evidence, we can not disturb it. It is the exclusive duty and province of such board to weigh the evidence and draw any and all reasonable inferences therefrom and its conclusion in such a case is final and not subject to review. But even where there is no conflict in the evidence and it is susceptible of but a single inference, if the question is a conculsion of law, it is then one for the court to determine, by the application thereto of recognized rules of law. *Columbia School Supply Co.* v. *Lewis* (1916), 63 Ind. App. 386, 115 N. E. 103; and it therefore necessarily follows that if there is no evidence to sustain the finding that appellee was an *employe* of appellant, this court must apply the law to the facts, as they exist, and declare that said finding is not supported by any evidence and is therefore contrary to law.

Our Statute, (§76 of Workmen's Compensation Act, Acts 1919 p. 158, §8020h3 Burns' Supp. 1921) has declared that the word *"employe"* "shall include every person, including a minor, lawfully *in the service of another* * * *."* (My italics.)

In the case of *Western Indemnity Co.* v. *Pillsbury* (1916), 172 Cal. 807, 159 Pac. 721, one Little was a contractor engaged in performing work for the city and county of San Francisco in connection with the grading of a street preparatory to laying a municipal railway line, and one Stevens was the owner of teams and wagons and drivers for said work at $6 per day. A few days later Stevens was requested to furnish a team for said work, which he did, himself being the driver thereof. A short time later he put on a second team and employed the driver himself. Thereafter, Stevens was injured and asked an award of compensation, as an

employe; compensation was awarded, but the award was set aside on appeal, the court holding that Stevens was an independent contractor, and not an employe, within the meaning of the statute of the state.

In *Zeitlow* v. *Smock* (1917), 65 Ind. App. 643, 117 N. E. 665, this court, speaking by Hottel, C. J., said,— "While some other tests indicated in these decisions may have had more or less influence in particular cases, in determining whether the relation between the employer and the injured party was that of master and servant, employer and employe, or that of contractor and contractee, the test which seems to be recognized as controlling in all such cases, is the right of control over the means, methods and manner of performing the work; that is to say, if the employer retains such right he thereby creates the relation of employer and employe. If, on the other hand, the person employed is permitted to choose for himself the method and manner of doing the work and is permitted to select the persons to do it, free from the control of his employer in all matters connected with the doing of said work, except as to the product or result of the work, such person is an independent contractor."

Numerous authorities are cited to sustain the rule as thus announced. The right of control as to means and methods of doing the work seems to be the determining factor.

Legislative enactment has fixed definitely the class of persons who are entitled to the benefits of the Workmen's Compensation Act, *supra.* This was a proper exercise of the legislative power, and we, as a court, while it is our duty to give the act a liberal interpretation in applying its provisions to those who are entitled to its benefits, being within the designated class, have no power to extend the designated class, and thereby

extend the benefits of said act to persons not brought within its provisions by the legislature.

The benefits of the act in question were given to a certain class of persons, employes, and then the class was further designated and restricted to those lawfully *"in the service of another,"*—servants. In 7 Words and Phrases 6426, it is said: "The word servant, in legal nomenclature, has a broad significance, and embraces all persons, of whatever rank or position, who are in the employ or subject to the direction or control of another in any department of labor or business."

The Century Dictionary defines a servant as,—"A person employed by another and *subject to his orders."*

It has been said that the true test of a contractor is, that he renders service in the course of an independent occupation, following his employer's desires in the results, but not in the means used.

Whether or not a given person is an employe or an independent contractor, is determined by the rules of law applicable in ordinary actions at law; so in this case the status of the appellee at the time he was injured is to be determined by the same rules which we would apply, had this been an action at law, brought by some third person who had received an injury by reason of said log which injured appellee, striking and injuring such person, under circumstances such that, if the relation of master and servant, (employer and employe), existed between appellant and the appellee herein, the appellant would be liable to such action.

Applying these well established rules to the facts of this case, I am clearly of the opinion, that the appellee, at the time he received the injury in question was simply following one branch of his, appellee's business, that of log hauling; that he was not an employe of appellant within the meaning of our Workmen's Compensation

Act, *supra,* and therefore not entitled to an award of compensation.

It therefore follows, as I view it, that the award of the full board is not sustained by sufficient evidence and is contrary to law.   The award of the Industrial Board should be set aside and annulled.