18118.   LAWSON *v.* TRAVELERS INSURANCE COMPANY
                              *et al.*

A convict injured while serving a sentence in a county chain-gang is not an employee of the county and is not entitled to compensation under the workmen's compensation act.

                         DECIDED JULY 14, 1927.

    Appeal; from Muscogee superior court—Judge McLaughlin. April 2, 1927.

    *W. Paul Miller,* for plaintiff.

    *J. F. Terry, K. E. Bray, McDaniel & Neely, Harry L. Greene,* for defendants.

    BLOODWORTH, J.   While serving a twelve-months sentence on the chain-gang in Muscogee county as a misdemeanor convict, the plaintiff in error was accidentally injured by cutting his foot with an axe.   He was confined to his bed as a result of the injury, and received hospital services and medical treatment at the expense of the county.   After completing his sentence he filed a claim with the industrial commission of Georgia, in which he contended that he was partially, though permanently, disabled, and asked for damages.   The case was heard by Hon. T. E. Whitaker, one of the members of the industrial commission.   The following is a part of the agreed statement of facts: "It is further agreed that the county authorities of Muscogee county, Ga., having charge of its road-work, had no jurisdiction over the duration of the sentence of the applicant or his conduct as a prisoner; these matters being under the jurisdiction of the superior court of said county, or of the judge thereof, and the prison commission of the State of Georgia, through its warden above referred to.   It is further agreed that the applicant was engaged at the time of the injury in doing work upon the public roads of said county under the direction of

Workmen's Compensation Acts, C. J. p. 49, n. 52 New.

the warden above referred to; that said injury occurred on June 5, 1926; that the applicant was totally disabled, and was·confined in the city hospital, Columbus, Georgia, for thirty-five days, and that his condition since said time has been —— per cent. disabled. It is further agreed that there was no duty or liability on said county to pay any wages or compensation to said applicant for his labor performed as a convict on its said chain-gang, and that said county did not pay any wages or compensation to said applicant, and that said applicant did not receive any compensation for his labor." The commissioner hearing the case in making his award said: "Brady Lawson, while serving his sentence in the Muscogee county chain-gang, was not an employee of Muscogee county, and therefore is not entitled to compensation under·the provisions of the act." From this award denying compensation the plaintiff appealed to the superior court of Muscogee county, and on a hearing of the appeal the judge passed the following order: "It is considered, ordered, and adjudged by the court that the decision of the industrial commission of Georgia, holding that the claimant, Brady Lawson, plaintiff herein, was not at the time of the injury complained of an employee of Muscogee county, Georgia, within the terms and provisions of the workmen's compensation act of Georgia, be and the same is hereby sustained." This judgment is right. Ga. L. 1920, p. 167, sec. 2(b); Park's Ann. Code, § 3154(b); *Ga. Ry. & Power Co.* v. *Middlebrooks,* 34 *Ga. App.* 156 (128 S. E. 777); *New Amsterdam Casualty Co.* v. *Sumrell,* 30 *Ga. App.* 682, 684 (118 S. E. 786): *Goss* v. *Gordon County,* 35 *Ga. App.* 325 (133 S. E. 68); *U. S. Fidelity &c. Co.* v. *Watts,* 35 *Ga. App.* 447 (133 S. E. 476).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*