INLAND DEVELOPMENT AND IMPROVEMENT COMPANY ET AL. *v.* TOWNSEND ET AL.

[No. 14,533.   Filed March 11, 1932.]

*Burke G. Slaymaker, Clarence F. Merrell, Theodore L. Locke* and *James V. Donadio,* for appellants.

*Albert H. Vestal* and *Walter Vermillion,* for appellees.

WOOD, P. J.—Inasmuch as the counsel for the parties to this cause do not agree upon the accuracy of the statement of facts involved therein, as set out in their respective briefs, the court has found it necessary to go to the record. It discloses that, on September 15, 1930, the appellee Mose Harmon secured a contract from the board of commissioners of Madison County, Indiana, for the improvement of a street located in the city of Elwood; that, on the same day, under the terms of a written contract entered into between Harmon and the appellant Inland Development and Improvement Company, said company agreed to take charge of and complete said improvement in accordance with the con-

tract between appellee Harmon and the board of commissioners. Thereafter, appellant improvement company sublet the contract for hauling the gravel to be used in the work from a pit near Alexandria to Elwood, to its coappellant Walter Devine, he to receive for this service the sum of $1 per load, furnishing his own trucks and drivers, paying all expenses incident to their operation and maintenance. Devine then entered into a contract with one Clarence Butler to furnish a truck for use in hauling gravel; it was agreed between them that Butler should furnish his truck and a driver, all gas and oil, and other expenses incident to its operation and maintenance, for which he was to be paid the sum of $1 per load for gravel, and 90 cents per load for dirt and stone. Butler was unable to drive his truck himself, so he entered into an agreement with appellee Chester Townsend to drive it, Townsend to receive for his compensation for such services one fourth of the price per load paid to Butler by Devine, Butler to furnish the oil and gas, keep up and maintain the truck at his own expense. Townsend bought oil and gas for the truck and had it charged to Butler. There was no definite time when Townsend was to report for work or when he should leave, nor the number of loads of material he should haul per day; these varied. Devine's contract required him to keep enough gravel on the job to keep the mixer in operation when it was in use. The improvement company gave Devine instructions about the quality and quantity of gravel to be hauled from time to time during the progress of the work and where to unload it. Townsend received his instructions from Devine, and, on a few occasions, received instructions from representatives of the improvement company about the quality of the gravel and size of loads, and they told him where to dump it and when; he also, on their instructions, hauled some tres-

tles, cement blocks and dirt. The improvement company paid Devine for hauling the gravel and dirt, and he paid Butler and Townsend; they divided the earnings pursuant to their agreement. Townsend testified that his average weekly wage was about $23; there is no evidence to the contrary. The nature and seriousness of his injuries are not questioned. Neither Mose Harmon nor Devine carried compensation insurance. At the time of letting the contract to Devine to haul the gravel and dirt, nothing was said by the improvement company to Devine about compensation insurance, and it did not demand a certificate from him as required by the Indiana Workmen's Compensation Act of 1929 (Acts 1929 p. 536, §9446 et seq. Burns 1926).

At a hearing before the full Industrial Board, an award of compensation was made to Townsend. From this award, appellants appeal, assigning as error that the award of the full Industrial Board is contrary to law.

It is the contention of appellants that the evidence and facts established thereby admit of but one conclusion, namely, that Clarence Butler and Chester Townsend were partners and independent contractors in the operation of Butler's truck, and that, therefore, the appellants are not liable to Townsend for compensation because of the injuries received by him. The record in this case does not sustain appellants in either of their contentions. The evidence is sufficient to sustain the finding of facts, and the facts found are sufficient to sustain the award. Under the evidence, the facts and the law, the Industrial Board was justified in finding that Townsend was not a partner of Butler, and that they were not independent contractors, and this court cannot disturb that finding. *Bradley* v. *Ely* (1900), 24 Ind. App. 2, 56 N. E. 44, 79 Am. St. 251; *Bond* v. *May* (1906), 38 Ind. App. 396,

78 N. E. 260; *Muncie Foundry, etc., Co.* v. *Thompson* (1919), 70 Ind. App. 157, 123 N. E. 196; *Board, etc.,* v. *Shertzer* (1920), 73 Ind. App. 589, 127 N. E. 843; *Indiana, etc., Glass Co.* v. *Mauck* (1920), 74 Ind. App. 546, 547, 128 N. E. 451; *Coppes Bros. & Zook* v. *Pontius* (1921), 76 Ind. App. 298, 131 N. E. 845; *Lazarus* v. *Scherer* (1931), 92 Ind. App. 90, 174 N. E. 293; Shumaker, Partnership (2d ed) p. 2, notes pp. 2 and 3.

The award is affirmed.