## SCHRANER *v.* STATE OF INDIANA, DEPARTMENT OF CORRECTION.

[No. 19,945. Filed April 3, 1963. Rehearing denied April 17, 1963. Transfer denied January 8, 1964.]

*Robert D. Schuttler,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General and *Paul H. Frazier,* Deputy Attorney General, for appellee.

COOPER, C. J.—This matter comes before us for a judicial review from the Industrial Board of Indiana wherein the appellant filed his application for compensation for an alleged injury the appellant suffered while he was an inmate of the Indiana State Prison at Michigan City, Indiana.

The appellee filed a special answer alleging the appellant was an inmate of the penal institution, and, therefore, he could not be an employee under a contract of hire so as to come within the terms of the Indiana Workmen's Compensation Act.

In reviewing the record now before us, it appears that many of the facts were stipulated that the hearing board member found for the appellee, State of Indiana, Department of Corrections, and against the appellant on his application for compensation. Thereafter, the matter was taken before the Full Industrial Board who entered a finding and order, the pertinent part of which reads as follows:

"It is further found that on May 16, 1955, the plaintiff was an inmate of the Indiana State Prison at Michigan City, Indiana.

"It is further found that plaintiff on May 16, 1955, was not in the employ and service of the State of Indiana.

"The Full Industrial Board of Indiana now finds for the defendant and against the plaintiff on defendant's Special Answer filed August 31, 1961.

"ORDER

"IT IS, THEREFORE, CONSIDERED AND ORDERED by the Full Industrial Board of Indiana that plaintiff take nothing by his Form #9 application for the adjustment of claim for compensation, filed with the Industrial Board of Indiana on May 9, 1956."

The assigned error is, "1. That the Award of the Full Board is contrary to law".

The sole question for our determination is one of law, namely: Is an inmate of a penal institution an employee of the State of Indiana under Burns' Ind. Stat. Anno., §40-1701?

In reviewing the foregoing statute which was in force and effect at the time of the alleged injury, we find that subsections (a) and (b) are the pertinent parts we are concerned with, and they read as follows:

"(a) 'Employer' shall include the state and any political division, any municipal corporation within the state, any individual firm, association or corporation or the receiver or trustee of the same, or the legal representatives of a deceased person, using the services of another for pay. If the employer is insured it shall include his insurer so far as applicable.

"(b) The term 'employee,' as used in this act, shall be construed to include every person, including a minor, in the service of another, under any contract of hire or apprenticeship, written or implied, except one whose employment is both casual and not in the usual course of the trade, business, occupation or profession of the employer. Except as herein otherwise provided, all such minor employees are hereby made of full age for all purposes, under, in connection with or arising out of this act. Any reference to an employee who has been injured shall, when the employee is dead, also include his legal representatives, dependents and other persons to whom compensation may be payable. . . . "

It is a general rule of law in workmen compensation cases that the relationship of employer and employee always arises out of a contract, either express or implied. In the case of *Mid-Continent Petroleum Corp.* v. *Vicars* (1943) 221 Ind. 387, 47 N. E. 2d 972, our Supreme Court stated:

"The rights and obligations arising under the Workmen's Compensation Act (Acts 1929, ch. 172, p. 536, Burns' 1933, §40-1201 et seq., Baldwin's 1934, §16377 et seq.) are contractual in character. *Warren* v. *Indiana Telephone Co., supra.* One seeking recovery under the act must bring himself within its terms. Recovery of compensation depends upon the existence of the relation of employer and employee. Section 73 of the act defines the term 'employer' as one 'using the services of another for pay.' The relationship of employer and employee always arises out of a contract, express or implied. *In Re Moore* (1933), 97 Ind. App. 492, 187 N. E. 219."

Whether a workman is an "employee" is generally a question of fact to be found by the board. See *Domer* v. *Castator* (1925), 82 Ind. App. 574, 146 N. E. 881; *Hoosier Veneer Co.* v. *Ingersoll* (1922), 78 Ind. App. 518, 134 N. E. 301; *McDowell* v. *Duer* (1922), 78 Ind. App. 440, 133 N. E. 839; *Coppes Bros. & Zook* v. *Pontius* (1921), 76 Ind. App. 298, 131 N. E. 845.

We have carefully reviewed the stipulated facts and fail to find therein any stipulation that the appellant was an employee of either the State of Indiana or the Department of Correction. In this respect, we find the pertinent part of the stipulation reveals that the appellant was convicted on the 22nd day of September, 1953 of the crime of second degree burglary, and, as a result thereof, was sentenced to the Indiana State Prison for an indeterminate period of two to five years, and that he became an inmate of said institution on the 26th day of October, 1953, and remained an inmate of said institution until the 8th day of March, 1956, upon which date he was released on parole from said institution.

The burden of proving by competent evidence of probative value the various essential elements of appellant's case before the Industrial Board of Indiana, including the establishment of the relationship of employer and employee within the meaning of the Indiana Workmen's Compensation Act, rested solely upon the appellant.

A careful reading of said stipulation in the light of the above-stated rule forces us to the inevitable conclusion that there was a total lack of evidence before the Board tending to establish that appellant, at the time of the alleged accident, was an employee of the appellee's.

A full review of the workmen's compensation cases in Indiana fails to disclose a case wherein an inmate of a penal institution has ever attempted to secure workmen's compensation for an accidental injury arising out of and in the course of his activities as such inmate.

Professor Small, in his Workmen's Compensation Law of Indiana, made the following statement concerning the applicability of the foregoing-cited statute to prisoners:

> "Prisoners and convicts who may be injured are usually denied the benefits of Workmen's Compensation for the reason that there is no voluntary agreement of employment to be found between the state and the prisoner or convict. See Greene's Case, 280 Mass. 506, 182 N. E. 857. While the state can be an employer, the prisoner is incapable of being an employee."

The Massachusetts case, cited by Professor Small, was based upon a statute very similar to our own, the pertinent part of that case holds:

"The only question presented by the appeal is whether the claimant was an employee at the time he was injured within the meaning of G. L. (Ter. Ed.) c. 152, §1, cl. 4, which reads: 'employee', every person in the service of another under any contract of hire, express or implied, oral or written, except masters of and seamen on vessels engaged in interstate or foreign commerce, and except one whose employment is not in the usual course of the trade, business, profession or occupation of his employer. . . .' The claimant as a prisoner was confined in jail for failure to pay a fine imposed upon him by order of court. The fact that he was obliged to perform labor did not constitute him an employee of the county 'under any contract of hire, express or implied, oral or written'. These words as used in the statute imply a voluntary relation between the parties and are not applicable to a prisoner who is compelled to perform manual labor as punishment for his offense, and the board in substance so ruled. It is plain that the claimant at the time he received his injuries was not an employee in the service of the county under any contract of hire express or implied. The provisions of G. L. c. 152, §74, even before its amendment by St. 1930, c. 159, do not give to the claimant any right to compensation. He was not under the statute before its amendment a laborer, workman or mechanic in the service of the county 'under any employment or contract of hire, expressed or implied, oral or written,' within the meaning of the statute, for the reasons hereinbefore stated. *Lawson* v. *Travelers' Ins. Co.*, 37 Ga. App. 85, 139 A. E. 96, and cases cited. The final decree which recites that the claimant was not an employee of the county, nor a laborer, workman or mechanic under a contract of hire or employment by the county within the scope of G. L. c. 152, when he received the injury of August 17, 1929, was correct, and the claim for compensation was rightly dismissed."

After reviewing the cases cited by the appellant in support of his argument, it is apparent he relies mainly on the case of *California Highway Commission*

v. *Industrial Accident Commission* (1926), 200 Cal. 44, 251 Pac. Rep., 808, 49 A. L. R. 1377.

In reviewing the California law, it is apparent that for several years the state of California provided for compensation of prison-inflicted injuries through normal state workmen's compensaton laws if the prisoner was injured under certain conditions. The California Road Camp Bill (Cal. Acts 1923, ch. 316, at 667) permits prisoners to work on the state highways for limited compensation, but does not specify that an employee-employer relationship exists. However, until 1941, the California Legislature, by Stats. 1941, ch. 106, §15, provided that an employee-employer relationship would not exist between the state and its prisoners, and California courts so interpreted the law. Later, the California courts changed their theory and interpretation of the law and permitted prison inmates injured while employed under the terms of this Act, *supra,* to institute proceedings against the state as an employer. *California Highway Commission* v. *Industrial Accident Commission, supra.*

Therefore, it is apparent that recovery in California is authorized by a special statute. There is no comparable statute in Indiana.

We are mindful that in construing the legislative definition of "employee", a measure of liberality should be indulged in to the end that in doubtful cases an injured workman or his dependents may not be deprived of the benefits of the humane provisions of the compensation law; however, to permit inmates of penal institutions to avail themselves of the protection of the workmen's compensation law would establish a new and novel procedure; and, to paraphrase, we cannot impute to the legislature such a radical de-

parture from established law in absence of an expressed legislative command.

We are conscious and mindful of the dire circumstances in which the appellant finds himself. We sincerely believe that the relief he is seeking should come by virtue of a special statute of our General Assembly.

Award or judgment of the Industrial Board of Indiana is affirmed.

Carson, Clements, Ryan, JJ., concur.

NOTE.—Reported in 189 N. E. 2d 119.