Theodore FREDERICK, Appellant,

v.

The MEN'S REFORMATORY at Anamosa, Iowa and State of Iowa, Appellees.

No. 55336.

Supreme Court of Iowa.

Jan. 17, 1973.

P. D. Furlong, Sioux City, for appellant.

Richard C. Turner, Atty. Gen., and Richard Winders, Asst. Atty. Gen., for appellees.

Heard before MOORE, C. J., and MASON, RAWLINGS, REYNOLDSON, and McCORMICK, JJ.

McCORMICK, Justice.

This is an appeal from denial of workmen's compensation. It turns upon whether prisoners of the State injured while working in prison industries are covered by the Iowa Workmen's Compensation Act.

Plaintiff was serving a ten-year sentence for forgery in the Men's Reformatory at Anamosa. On May 20, 1969, he was injured while working as a punch press operator in the license plate factory of the prison. Four fingers of his right hand were crushed in the press and were later amputated. The State denied his claim for workmen's compensation solely on the basis prisoners employed in prison industries are not employees of the State. Plaintiff applied for arbitration. A deputy industrial commissioner found coverage and allowed benefits. The industrial commissioner affirmed the deputy's decision, the State appealed to district court, and trial court reversed the industrial commissioner's decision. We affirm.

I. Although the State has raised no question about it, we do not wish to be understood as approving plaintiff's designation of "The Men's Reformatory at Anamosa, Iowa" as defendant employer in this case. We are unable to find any statutory basis for treating the reformatory as an

entity subject to suit. See rule 9, Rules of Civil Procedure; Loth, Iowa Rules of Civil Procedure, § 1.13 (Second Ed.). Moreover, the State is the putative employer. § 85.61(1), The Code.

II. It is conceded that plaintiff is ineligible for workmen's compensation unless he is an employee of the State. Section 85.61(2) of the workmen's compensation statute defines "employee" as " * * * a person who has entered into the employment of, or works under contract of service, express or implied, or apprenticeship, for an employer * * *." In previous discussion of this definition we said:

"There is no legal distinction between the phrases in section 85.61(2), 'a person who has entered into the employment of (an employer)' and '(who) works under contract of service, express or implied'. In other words, employment implies the required contract on the part of the employer to hire and on the part of the employee to perform service. [citations]

"The factors by which to determine whether an employer-employee relationship exists are (1) the right of selection, or to employ at will (2) responsibility for the payment of wages by the employer (3) the right to discharge or terminate the relationship (4) the right to control the work, and (5) is the party sought to be held as the employer the responsible authority in charge of the work or for whose benefit the work is performed. [citations] In Nelson v. Cities Service Oil Co., 259 Iowa 1209, 1216, 146 N.W.2d 261, 265; and Usgaard v. Silver Crest Golf Club, 256 Iowa 453, 456, 127 N.W.2d 636, 637, 638, in addition to the five above named elements we recognize the overriding element of the intention of the parties as to the relationship they are creating may also be considered." Henderson v. Jennie Edmundson Hospital, 178 N.W.2d 429, 431 (Iowa 1970).

The relationship between the State and its prisoners is the antithesis of voluntary employment. All imprisonment is at hard labor. § 246.31, The Code. The record shows all prisoners are required to work unless prevented by disciplinary processes. The State does not employ prisoners at will, is not obligated to pay wages to them, and obviously does not intend an employer-employee relationship. Likewise, prisoners do not enter the reformatory in order to find work.

The primary purpose of prison employment is "inculcation or the reactivation of attitudes, skills, and habit patterns which will be conducive to prisoner rehabilitation." § 246.18, The Code. Nominal remuneration is ordinarily paid from prison industry funds as permitted by § 246.27, The Code. Plaintiff received eight cents per hour. This small reward is an inducement to cooperation with the corrections program. It is not paid as wages. Similarly, a prisoner who "performs in a faithful manner the duties assigned to him" earns the right to reduction of his sentence. § 246.39, The Code.

We conclude that the terms of the Iowa Workmen's Compensation Act are not broad enough to include prisoners working in prison industries. This is in accordance with the general rule:

"Convicts and prisoners have usually been denied compensation for injuries sustained in connection with work done within the prison, even when some kind of reward attended their exertions. The reason given is that such a convict cannot and does not make a true contract of hire with the authorities by whom he is confined. The inducements which might be held out to him, in the form of extra food or even money, are in no sense consideration for an enforceable contract of hire." 1A Larson, Workmen's Compensation Law, § 47.31 at 759.

See also Watson v. Industrial Commission, 100 Ariz. 327, 414 P.2d 144 (1966); Lawson v. Travelers' Ins. Co., 37 Ga.App. 85, 139 S.E. 96 (1927); Shain v. Idaho State Penitentiary, 77 Idaho 292, 291 P.2d 870

(1955); Schraner v. State Dept. of Correction, 135 Ind.App. 504, 189 N.E.2d 119 (1963); Jones v. Houston Fire & Casualty Co., 134 So.2d 377 (La.App.1961); Greene's Case, 280 Mass. 506, 182 N.E. 857 (1932); Brown v. Jamesburg State Home for Boys, 60 N.J.Super. 123, 158 A.2d 445 (1960); In re Kroth, 408 P.2d 335 (Okl.1965); 99 C.J.S. Workmen's Compensation § 116 at 408 (supp.); Blair, Reference Guide to Workmen's Compensation Law, § 4:08 (1972).

Plaintiff relies upon cases from the California Court of Appeals which are easily distinguished. They all involve prisoners working on a voluntary basis in situations analogous to work release. See, e. g., State Comp. Ins. Fund v. Workmen's Compensation Appeals Bd., 8 Cal.App.3d 978, 87 Cal. Rptr. 770 (1970), and citations; cf. § 247A.-8, The Code.

Trial court did not err in denying workmen's compensation to plaintiff.

III. Although prisoners are not covered by workmen's compensation while working in prison industries, their injuries are no less real than those suffered by other workers. Uncompensated disabilities which endure beyond termination of incarceration are a cruel and uncontemplated form of enhanced punishment. They are an obstacle to rehabilitation and foreshadow incalculable social cost. "The unique problem of prisoners calls for careful legislative amendment of compensation acts, adapting their coverage to appropriate kinds of prison employment and disability." 1A Larson, Workmen's Compensation Law, § 47.31 at 762. Several states and the federal government have enacted such legislation. See, e. g., 18 U.S.C. § 4126.

Solution of the problem in Iowa depends upon comparable legislative action.

Affirmed.