NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

WILLIAM GOFF, PETITIONER, v. COUNTY OF UNION, SHERIFF OF UNION COUNTY AND BOARD OF CHOSEN FREEHOLDERS OF UNION COUNTY, RESPONDENTS.

Decided January 8, 1948.

For the petitioner, *Joseph Butt.*

For the respondent, *Edward E. Kuebler.*

A claim petition was filed by the petitioner in the above entitled matter pursuant to *R. S.* 34:15–1, *et seq.; N. J. S. A.* 34:15–1, *et seq.,* wherein he alleged that on September 11th, 1946, he was employed by the County of Union, sheriff of Union County and Board of Chosen Freeholders of Union County, the respondents, as a painter.

The petitioner further alleges that on the said day while painting, he fell and struck his back and spine on the end of a sink sustaining permanent injury and disability to his back, spine and nervous system.

Subsequently, the respondents filed their answer to the claim petition. They denied the accident, employment, causal relationship and disability, and averred that when the alleged accident occurred the petitioner was confined to the Union County jail; that he had been received at the jail to serve a six months sentence on a disorderly conduct charge; that the petitioner did not sustain any injuries as the result of an accident which arose out of and in the course of any employment with them within the intendment of the statute and that the Workmen's Compensation Bureau is without jurisdiction in this matter.

On November 13th, 1947, the case came on for a hearing before me a Deputy Commissioner of Labor at Elizabeth, New Jersey. The petitioner was represented by Joseph Butt, Esq., and the respondent by Edward E. Kuebler, Esq.

It was stipulated by and between the attorneys for the respective parties that the testimony of the witnesses in the cause should be taken before Honorable Harry Berger, a referee of the Workmen's Compensation Bureau, with the same force and effect as though it were taken before the Deputy Commissioner, and a transcript of that testimony was to be submitted to me for determination and finding of the facts.

The petitioner testified that on September 11th, 1946, while an inmate of the Union County jail, an officer in the jail inquired of him if he would do some painting. He consented to perform this work because he would obtain some extra food. The material was supplied by the county and the petitioner was obliged to follow the instructions of a guard who supervised the work.

On the day in question the petitioner was painting a cell block and, as he stepped from a bench to an iron cot, his right foot slipped and he fell, striking his back on a sink in the cell. He did not report the incident to a guard that night, but he did inform the guard about it the next morning

as his back still pained him. Subsequently he was treated by the jail physician and he received treatment twice a week for eight weeks at the Elizabeth General Hospital.

On cross-examination the petitioner said that a guard, who is in charge of the detail, selects the prisoner he desires from the cell blocks and he tells them what work he wants done. The prisoners are picked for permanent details and they are assigned to that work for the duration of their sentences. If a prisoner refuses to work he is locked up in the cell block.

Dr. Pasquale F. Cardinale appeared as a witness for the petitioner. He testified that he examined him on October 14th, 1947, and as a result of that examination, he made a diagnosis of a contusion of the lower spine. He estimated the disability at 7% of partial permanent total.

Alex Campbell was also called as a witness for the petitioner. He testified that on September 11th, 1946, and for some time prior he was the sheriff of Union County. One of his functions in that capacity was the supervision of the jail and its personnel.

Mr. Campbell said that on September 11th, 1946, the petitioner was incarcerated in the Union jail, and it was his understanding that a person under sentence can be used for cleaning or any other work that may be necessary in the discretion of the sheriff and the warden. This is a general practice and the inmate so used on any maintenance, cleaning or painting detail is not paid.

At the conclusion of Mr. Campbell's testimony the petitioner rested his case and a motion was made on behalf of the respondents to dismiss the claim petition on the ground that the petitioner failed to sustain the burden of proving that on September 11th, 1946, he was an employee of the respondents named in the claim petition within the intendment of *R. S.* 34:15-36; *N. J. S. A.* 34:15-36.

I have carefully considered all of the evidence in this case and I am of the opinion that the petitioner has failed to sustain the burden of proving that on September 11th, 1946, he was an employee of any or all of the respondents named in the claim petition. I am also of the opinion that he has also failed to sustain the burden of proving that he suffered an

accident which arose out of and in the course of employment with any or all of the respondents.

It is inconceivable that a person who is serving a sentence duly imposed upon him by law and who is incarcerated in an institution established by a state, county, or municipal government, because he is performing some work while a prisoner, be deemed an employee of the governmental agent in charge of the jail. To hold otherwise would mean that the officials of a penal institution would be employers of their prisoners whenever they delegate to any of the prisoners the performance of any work that may be necessary to maintain their morale and to aid in their rehabilitation. This would be contrary to public policy.

To constitute one an employee so as to permit recovery under the Compensation Act for injuries sustained, it is essential that there be a contract of service. *Essbee Amusement Corp.* v. *Greenhaus,* 114 *N. J. L.* 492; 177 *Atl. Rep.* 562; *Rojeski* v. *Pennington Dairy Farms, Inc.,* 118 *N. J. L.* 335; 192 *Atl. Rep.* 746. The proofs in the instant case do not bring the petitioner within this principle. As a prisoner, the petitioner was a ward of the County of Union and as such his normal rights of free and independent action were limited. Neither he nor the sheriff in whose custody the petitioner was placed are capable of creating between themselves the status of master and servant for the performance of work in the institution in the absence of express statutory authority. I am not aware of any such authority in law which would authorize a sheriff of a county to engage a prisoner as an employee and thereby bind the Board of Chosen Freeholders and the County of Union.

The petitioner has argued that even though a person does not receive financial consideration it does not necessarily follow that he is not an employee within the meaning of *R. S.* 34:15–36; *N. J. S. A.* 34:15–36. I am not in accord with that argument. The performance of service "for another for financial consideration" is a cardinal legal requirement in workmen's compensation for the creation of the status of employer and employee. The instant case is not similar to that line of cases where, because no financial arrangements

had been made but a valid contract of employment was in existence, a reasonable wage can be assumed. In the case *sub judice* there was neither a valid contract of employment nor was it ever assumed by the parties that the petitioner was to receive any financial consideration for any work that he might perform. The proofs quite to the contrary indicate that the petitioner did not receive any financial consideration and that his motives for doing any work in the jail were with the hope of receiving some extra food and to prevent being locked up in a cell if he should refuse. His expectations of receiving extra food and the avoidance of being locked up in a cell may well be compared to the school teacher who awards to good and co-operative students some trivial mark of commendation such as a book, a stick of candy or a gold star; and on the contrary, to those who are not good and helpful, the badge of dishonor of being placed in the corner.

It seems clear that the award for work anticipated by the petitioner and his desire to avoid any personal discomfit do not reasonably come within the definition of a financial consideration as intended by the legislature.

I am, therefore, constrained to dismiss the claim petition and in view of this I do not deem it necessary to rule on the exceptions to the admission of some of the testimony that was taken before Referee Berger.

It is, therefore, * * * ordered that the claim petition in this matter be and the same is hereby dismissed.

HARRY S. MEDINETS,
*Deputy Commissioner.*