212 P.2d 654

**MILLER v. CITY OF BOISE et al.**

No. 7596.

Supreme Court of Idaho.

Dec. 15, 1949.

Robert E. Smylie, Attorney General, Glenn A. Coughlan, Asst. Atty. Gen., Boise, for appellants.

Walter M. Oros, Boise, Benjamin, F. Harrison, Boise, for respondent.

HOLDEN, Chief Justice.

February 28, 1948, James Miller was arrested for drunkenness and put in jail. On the same day he pleaded guilty to the charge and was fined twenty dollars by the Boise City magistrate, and on failure to pay was committed to jail. March 1, 1949, Miller, with other prisoners, under the supervision of a patrolman, moved furniture, for about two hours, from the old city hall to the new. At about half past three in the afternoon, Miller was being driven in a city truck to a cafe to eat, when a sliding door in the truck slammed shut, amputating the distal phalanx of his left thumb. He was taken to a hospital where he was treated for the injury and released the next day, but, still and nevertheless, treated by the city physician of the city of Boise. He expended no money for hospital or medical treatment.

March 9, 1949, Miller filed a claim against the city for compensation with the Industrial Accident Board. June 16, 1949,

the claim was heard by the Board. August 22, 1949, findings of fact and conclusions of law were made and filed and an award entered thereon awarding Miller $10.45 per week, total temporary disability, for a period of eight weeks, and specific indemnity "for the loss of the left thumb at the proximal joint, 99% of 40 weeks at $10.45 per week. * * * a total of $413.82," from which Boise City and the State Insurance Fund appeal. There is no dispute as to the facts.

Appellants contend, and we think correctly, the record presents but one question: Was respondent an employee of the city of Boise within the provisions of the Workmen's Compensation Law? In other words, as a matter of law, did the relationship of employer and employee exist between respondent and appellant Boise City, at the time of the accident, and did respondent's injury arise out of and in the course of employment by the city?

■ This court held in Walker v. Hyde, 43 Idaho 625, 630, 253 P. 1104:

"It is well settled that the burden rests upon the one claiming compensation to show by competent testimony, direct or circumstantial, not only the fact of an injury, but that it occurred in connection with the alleged employment, and that it both arose out of and in the service at which the injured party was *employed*." (Emphasis added.)

See also Wells v. Robinson Construction Co., 52 Idaho 562, 16 P.2d 1059; Parki-son v. Anaconda Copper Mining Co., 56 Idaho 610, 57 P.2d 1216; In re McNicol, 215 Mass. 497, 102 N.E. 697, L.R.A.1916A, 306.

■ Furthermore, the above facts conclusively show Miller was not *employed* by the city of Boise, and, moreover, that he never *received* any *compensation* whatever from, nor was he ever *paid any compensation* by, Boise City. Hence, the relationship of employer and employee never existed between respondent and appellant.

It follows from what has been said the order of the Board awarding Miller compensation must be reversed and the cause remanded, and it is so ordered, with directions to the Board to dismiss the proceeding.

GIVENS, PORTER, TAYLOR and KEETON, JJ., concur.