**274 P.2d 993**

**G. J. SEWARD, Claimant and Respondent,**

**v.**

**STATE of Idaho, BRAND DIVISION, Employer, and State Insurance Fund, Surety, Defendants and Appellants.**

**No. 8161.**

Supreme Court of Idaho.

Sept. 30, 1954.

Rehearing Denied Oct. 29, 1954.

Robert E. Smylie, Atty. Gen., and Glenn A. Coughlan, Asst. Atty. Gen., for appellants.

J. Blaine Anderson, Blackfoot, for respondent.

KEETON, Justice.

Claimant in a proceeding before the Industrial Accident Board alleged that on September 17, 1952, he received an injury by accident arising out of and in the course of his employment with the Brand Division, State of Idaho; claimed that he was employed by Boyd Summers, Deputy Brand Inspector, at Idaho Falls on the date the accident occurred. Appellants (employer and surety) contend that the stipulated facts on which the order is based establish no liability.

At the time of the accident claimant was, and for several years prior thereto had been, a self employed motor carrier, engaged in hauling livestock for others for hire to and from livestock yards located in Idaho. At various times, while at the livestock yards in furtherance of his own business, claimant had without expecting or receiving any payment or other reward, rendered assistance to the Deputy State Brand Inspector.

At Idaho Falls, on September 17, 1952, claimant, in furtherance of his own business, was present at the stockyard and the Deputy State Brand Inspector, Boyd Summers, said to claimant: "I've got to work a bunch * * * [meaning that there were cattle brands to be inspected at the time]—how about helping me?" Pursuant to this request claimant rendered assistance to the Deputy Brand Inspector, and while so working received the injury for which compensation is sought.

It was stipulated by the parties:

"That the said Boyd Summers, Deputy Brand Inspector at Idaho Falls, Idaho, at the time of the occurrence heretofore described, or at any other time, did not have any actual authority to employ anyone for the State of Idaho, Brand Division; that the said claimant, at and prior to the occurrence heretofore described, did not have any actual knowledge of this limitation upon Boyd Summers' authority."

The legal proposition presented for decision and decisive of the controversy is the the question: Was claimant an employee of the Brand Division of the State of Idaho at the time he received the injuries complained of? We hold he was not.

Section 25–1101 I.C. creates a State Brand Board, fixes its duties and compensation. Section 25–1102 I.C. provides for the appointment of a State Brand Inspector who holds office at the pleasure of the State Brand Board.

Section 25–1103 I.C. reads as follows:

"The state brand inspector, with the approval of the state brand board, and within the limits of any appropriation made available for such purposes, shall appoint, fix the compensation, determine the tenure of office, and prescribe the duties and powers of such officers, deputies, and assistants as may be necessary for the performance of the duties of his office, and shall station deputies and assistants in such localities as he shall deem advisable for the performance of his duties, and the sheriff and his deputies in the counties of the state shall perform the duties of deputy brand inspectors."

It thus affirmatively appears that the State Brand Inspector, with the approval of the State Brand Board, and within the limits of any appropriation made available for such purpose may appoint and fix the compensation and prescribe the duties and powers of the deputies and assistants as may be necessary for the performance of the duties of the office. Sections 25–1102 and 25–1103 I.C.

Claimant in this proceeding was never so appointed or employed and does not claim that he was; and it is not contended that the State Brand Inspector provided for in Section 25–1102 I.C. ever had any knowledge of any assistance or aid rendered by claimant to the Deputy Brand Inspectors placed at various stockyards throughout the State.

■ Claimant did not have either an express oral or written agreement for employment and under the provisions of the code above quoted, the Deputy Brand Inspector at Idaho Falls had no power or authority to employ him, if he did.

■ Before one can receive compensation for injuries sustained and claimed to have occurred during the course of his employment, it is axiomatic that the relationship of employer and employee must be

shown to exist. Section 72–1011 I.C.; Colvin v. Chapman, 190 Okl. 214, 122 P.2d 158; Moon v. Ervin, 64 Idaho 464, 133 P.2d 933; Rockefeller v. Industrial Comm., 58 Utah 124, 197 P. 1038.

■ Services gratuitously and voluntarily performed for another or for the employee of an employer are, subject to certain exceptions not pertinent here, not covered by the Workmen's Compensation Act. Edwards v. Hollywood Canteen, 27 Cal.2d 802, 167 P.2d 729; Smith v. State Industrial Accident Comm., 144 Or. 480, 23 P.2d 904, 25 P.2d 1119; Bituminous Casualty Co. v. Industrial Commission, 245 Wis. 337, 13 N.W.2d 925; Mandala v. Wells, 212 App. Div. 370, 209 N.Y.S. 35; Harris v. Sun Indem. of N. Y., La.App., 28 So.2d 403; Hogan v. State Industrial Comm., 86 Okl. 161, 207 P. 303; Ferro v. Leopold Sinsheimer Estate, 256 N.Y. 398, 176 N.E. 817; Nobles v. Texas Indem. Ins., Tex.Com. App., 24 S.W.2d 367. Annotation 80 A.L.R. 522.

■ Summers had no authority to employ a helper to assist him in the performance of the work that he, under his appointment, was required to perform, and could not constitute claimant as an employee of the State.

■ Before one can become the employee of another, knowledge and consent of the employer, expressed or implied, is required. Larson v. Independent School Dist., 53 Idaho 49, 22 P.2d 299.

■ Claimant argues, among other thing, two theories on which he contends the award should be affirmed: first, that claimant was a loaned servant at the time of the accident and injury; second, that there was an emergency and therefore the Deputy Brand Inspector had implied authority to employ an assistant. Claimant at the time in question was not a servant of any one, but was self employed. Claimant does not come within the doctrine of the loaned servant rule, that is, that an employer may loan an employee to another to perform some special service, and he thereby becomes the servant of the person to whom he is loaned.

■ Nor was there any emergency. In order for an emergency to exist, there must be some unexpected sudden occurrence calling for immediate action to meet the situation.

To hold claimant, under the circumstances presented, to be an employee of the State covered by the Workmen's Compensation Act, would make the State liable for an injury to a person never employed. Hence it is unnecessary to discuss other questions raised. The order is reversed with instructions to the Board to set aside the award and dismiss the proceeding. Costs to appellants.

PORTER, C. J., and GIVENS and TAYLOR, JJ., concur.

THOMAS, J., concurs in the conclusion reached.