288 P.2d 492

Leslie FERRELL, Petitioner,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, B. F. Hill, F. A. Nathan and A. R. Kleindienst, Members of the Industrial Commission, Respondents.

No. 6036.

Supreme Court of Arizona.

Oct. 11, 1955.

Gust, Rosenfeld, Dibelbess & Robinette, by Harold L. Divelbess, Phœnix, for petitioner.

John R. Franks, Phœnix, for respondent The Industrial Commission of Arizona, Donald J. Morgan, Robert K. Park; Phœnix, and John F. Mills, Prescott, of counsel.

### UDALL, Justice.

The sole question presented on this review of an Industrial Commission award is whether a volunteer member of a civil defense mobile unit under the Civil Defense Act of 1951, Ch. 100, S.L.1951, and now appearing as Sec. 64–501 in 1952 Cum. Supp., A.C.A.1939, is entitled to compensation and accident benefits under the existing provisions of the Arizona Workmen's Compensation Law.

The undisputed facts are these: petitioner Leslie Ferrell was a regular employee of Republic-Gazette Newspaper Enterprises in Phœnix, Arizona. During the latter part of July or early August of 1951, petitioner signed up for participation in the Arizona civil defense program and was assigned to the mobile support unit of the City of Phœnix police department. He did not receive any remuneration for any time spent in this activity and was not on the regular payroll of the State of Arizona or any political subdivision thereof. His time spent in connection with the civil defense program was devoted to training, and he would ride with the Phœnix police officers in connection with their routine calls and duties during hours when he was not engaged in working for his regular employer. On August 15, 1951, some two weeks after he had entered into the train-

ing program, petitioner was riding with an officer of the police department when a flooding of property was reported on East Van Buren Street. They went to investigate and under direction of the officer, petitioner climbed upon a roof in an attempt to turn off a valve. In getting down from the roof he fell to the ground, injuring his back, elbow and wrist.

■ A claim for compensation was timely filed with the respondent Industrial Commission. Later an award denying compensation and an order dismissing said petition was entered. Petition for rehearing was filed and a rehearing granted at which additional testimony was taken. Thereafter on December 29, 1954, the respondent Commission handed down its decision upon rehearing in which it adhered to its former ruling.

Petitioner's single assignment of error reads:

"The Industrial Commission erred in finding that at the time of the injury Petitioner was not an employee of the State of Arizona, or of any political subdivision thereof within the terms of the Arizona Workmen's Compensation Act, for the reason that such finding is contrary to law."

He argues in support thereof that under the provisions of the Civil Defense Act of 1951, supra, volunteer workers are on an equal footing with paid employees of the civil defense authorities. However, to be entitled to compensation under the pertinent section of the Workmen's Compensation Act, S.L.1949, Ch. 76, Sec. 1, p. 153, now appearing as Sec. 56–929, Cum.Supp. of 1952, A.C.A.1939, petitioner must show that he comes within its provisions, since it is the basic requisites of this section which determine persons included thereunder as employees.

■ The legislature, in defining the term "employee", specifically states, Sec. 56–929 (a), supra, that it means:

"1. Every person in the service of the state, or of a county, city, town, municipal corporation, or school district, including regular members of lawfully constituted police and fire departments of cities and towns, *whether under election, appointment or contract of hire * * *.*" (Emphasis supplied.)

It is to be noted that this part of the Act makes no reference to volunteer workers. This would seem to require more than mere voluntary service as an essential feature of the employment relationship. The injured person must be under a legal duty to do the acts being performed when he is injured. A study of the above and other provisions of the Workmen's Compensation Law indicates that regardless of the manner in which the employment relationship arises—whether by reason of "election, appointment or contract of hire"—

some form of duty to serve and remuneration therefor must exist before one may be considered an employee of the state.

In his work on the subject, The Law of Workmen's Compensation, Vol. 1, Sec. 47, page 686, Larson states that a contract of hire, express or implied, is essential to create an employment generally, and the word "hire" connotes payment of some kind. He points out that among the consequences of this requirement are:

"(c) gratuitous servants are not employees, since the element of 'hire' is lacking; but payment may be found in anything of value, such as board and lodging, * * *."

Later in the same volume the author states, in section 47.43(a):

"The element of payment, to satisfy the requirement of a contract of hire, need not be in money, but may be in anything of value * * *."

It is clear that the same applies to persons serving as elective or appointive employees; when their services are merely voluntary they are not employees within the meaning of the compensation law.

■ Authority from other jurisdictions supports this holding, though not decisive of rights under Arizona statutes. Generally speaking, services gratuitously and voluntarily performed for another are not covered by workmen's compensation acts. See, Seward v. State, 75 Idaho 467, 274 P.2d 993; Bituminous Casualty Co. v. Industrial Commission, 245 Wis. 337, 13 N.W.2d 925; Edwards v. Hollywood Canteen, 27 Cal.2d 802, 167 P.2d 729. In the Edwards case plaintiff was a volunteer hostess seeking to contribute to the war effort and was injured in the course of such service. The court found that this voluntary service did not constitute her an "employee" within the terms of a workmen's compensation statute similar in wording to our own, since no contract of hire existed.

■ In the instant case it is clear that petitioner had not contracted to perform the services in which he was engaged when injured, nor did he expect to receive any kind of pay from the state. Counsel for petitioner admits in his brief he was acting voluntarily, as a patriotic citizen. It may be urged that because volunteer firemen, who draw no pay for their services, are eligible for compensation benefits so also should volunteer civil defense workers be eligible. The answer to this is that by legislative enactment, S.L.1947, Ch. 113, Sec. 1(c), it was declared that regular members of volunteer fire departments "are deemed to be employees", and the Act then made specific provisions as a basis for the computing of wages for premium payments and compensation benefits for such firemen. The fact that the legislature saw fit specifically to include volunteer firemen within the limits of the Act would seem to indicate, under the expressio unius rule,

that the legislative intent was to exclude other groups wherein no contract contemplating payment of wages existed. This contention is strengthened by the provisions of section 56–935, A.C.A.1939, to wit:

"The state and each county, city, town, municipal corporation or school district *which is liable to its employees for compensation* must insure in the state compensation fund. The state auditor, the clerk of the board of supervisors of each county, the clerk of each such political subdivision and the school superintendent of each county shall furnish quarterly to the commission *a true payroll showing the total amount paid to employees subject to this article* during each month of said quarter * * *." (Emphasis supplied.)

It is the sole prerogative of the legislature to specify the persons to be considered employees within the meaning of the Workmen's Compensation Act. If it refuses so to consider volunteer civil defense workers then no other body has the power or right to do so.

The case of Andrews v. State of Arizona, 53 Ariz. 475, 90 P.2d 995, 998, sheds some light upon the issue. In that case Josiah Andrews was a member of the Arizona National Guard and was killed while participating in field training, provided for by the Secretary of War, outside the state. This court affirmed the Commission's award denying death benefits to his dependents "for the reason that Andrews was drawing no pay from the state when and where he met his death and there exists no basis for fixing death benefits."

We hold that under our present laws the Commission correctly determined that petitioner as a volunteer civil defense worker was not entitled to workmen's compensation benefits.

Award affirmed.

LA PRADE, C. J., and WINDES, PHELPS and STRUCKMEYER, JJ., concur.