411 P.2d 455

**Carl WATSON, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona and State of Arizona–State Auditor (Arizona State Prison), Respondent.\***

**1 CA–IC 84.**

Court of Appeals of Arizona.

March 2, 1966.

Rehearing Denied March 24, 1966.

Review Granted April 19, 1966.

————◇————

Donald J. Morgan, Phoenix, for petitioner.

Robert K. Park, Chief Counsel, Industrial Commission, by Dee-Dee Samet, Phoenix, for respondents.

STEVENS, Chief Judge.

On 7 July 1963, the petitioner was serving a sentence at the Arizona State Prison, the sentence being for a term of years less than life. On this day he was a trustee having his living quarters, his mess facilities and his work outside of the walls of the prison. He worked on the prison farm without being under the constant supervision of an armed guard. The Warden testified that this status is one which is sought by the inmates at the prison. All persons sentenced to the Arizona State Prison are required to work unless they are being disciplined. After the initial sixty day orientation period, those prisoners whose behavior and work record is acceptable, receive two days for one whether they work within the prison walls, outside the prison walls under armed guard, or as a trustee. No money is paid for this work all of which is productive and beneficial in relation to the reduction of the expense of the operation of the prison as well as to the other limited incidental benefits to the State. The only reward, if it can be called a reward, in relation to being a trustee, is the relative freedom incident thereto.

On 7 July 1963, the petitioner was a member of a hay crew the work of the crew being to go to the field, load and return baled hay. The hay was used to feed the livestock of the prison which livestock was in turn used to feed the inmates. On returning from the field, he was riding on the top of the load and came in contact with a low hanging overhead hot power transmission wire, sustaining severe injuries. The Industrial Commission found that the petitioner at the time in question was not in the employ of the State of Arizona and that the employer-employee relationship did not exist. The Commission determined that the petitioner's injury was non-compensable. After appropriate procedural steps, the matter is now before this Court on a writ of certiorari to review the action of the Commission.

The statutes of the State of Arizona do not expressly state that one who is serving

\* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 8628. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

time at the Arizona State Prison and who is doing constructive work which is for the benefit of the State, is or is not, covered by the State's Workmen's Compensation Law. In Ferrell v. Industrial Commission, 79 Ariz. 278, 288 P.2d 492 (1955), the Supreme Court held that a member of the Volunteer Police Auxiliary under the Civil Defense Act, was not covered by the Workmen's Compensation Law. The Court found an absence of a contract of employment. Arizona now has statutes expressly granting protection to volunteer policemen and to volunteer firemen.

In the case of Johnson v. Industrial Commission, 88 Ariz. 354, 356 P.2d 1021 (1960), compensation was granted to an inmate of the Yuma County Jail who was on temporary leave from the jail working for a private corporation, the Yuma County Fair, Inc. A slight element of compensation was found and the burden of the injury was charged against the Fair's account with the Industrial Commission.

In the case of Stone v. Arizona Highway Commission, 93 Ariz. 384, 381 P.2d 107 (1963), the Arizona Supreme Court terminated the judicially established sovereign immunity. On page 387 of the Arizona Reports, 381 P.2d on page 109, the court quoted the earlier Hernandez case [Hernandez v. County of Yuma, 91 Ariz. 35, 369 P.2d 271.] which quotation we paraphrase by omitting one word, namely the word "citizen" as follows:

> "It requires but a slight appreciation of the facts to realize that if the individual * * * is left to bear almost all the risk of a defective, negligent, perverse or erroneous administration of the state's functions, an unjust burden will become graver and more frequent as the government's activities are expanded and become more diversified."

We have examined the Constitution and statutes which we believe to be of consequence in connection with our consideration of this problem. Section 8 of Article 18 of the Arizona Constitution, Volume 1, A.R.S., provides in part:

> "The Legislature shall enact a Workmen's Compensation Law applicable to workmen engaged in manual or mechanical labor in *all public employment* whether of the State, or any political sub-division or municipality thereof as may be defined by law and in such private employments as the Legislature may prescribe by which compensation shall be required to be paid to any such workman, in case of his injury and to his dependents, as defined by law, in case of his death, by his employer, if in the course of such employment personal injury to or death of any such workman from any accident arising out of and in the course of, such employment, * * * provided that it shall be optional with any employee engaged in any such private employment to settle for such compensation, or to retain the right to sue said employer as provided by this Constitution; * * *." (Emphasis supplied)

The Legislature implemented the constitutional phrase "or any political sub-division or municipality thereof as may be fine by law" in that subsection A of § 23–902 A.R.S. states in part:

> "A. Employers subject to the provisions of this chapter are the state, each county, city, town, municipal corporation, school district * * *."

The Legislature further provided in § 23–901 A.R.S., the section relating to definitions the following:

> "In this chapter, unless the context otherwise requires:
>
> .* * * * * *
>
> 4. 'Employe,' 'workman' and 'operative' means:
>
> (a) Every person in the service of the state, * * * whether by election, appointment or contract of hire."

The Industrial Commission relies strongly on the above statutory words "contract of

hire" which words are also referred to in Johnson.

Public policy in this State in relation to those who are unfortunate enough to be sentenced to our prison has also been the subject of legislative declaration. Subsection A of § 31–251 A.R.S. reads as follows:

"A. The superintendent of the state prison shall require of each able-bodied prisoner as many hours of labor each day during his term of imprisonment as prescribed by the rules of the prison."

Subsection A of § 31–252 A.R.S., reads as follows:

"A. A prisoner in the state prison, while working on the public highways or the prison farms as a trusty outside the prison walls and without requiring armed guards, or performing any other assignment of confidence and trust either within or without the prison walls, shall be allowed double time while so employed, and each day so employed shall be counted as two days in computing time of his sentence which shall be deducted, if a first offender, from the minimum term of his sentence, or, if a second offender or more, from the maximum term of his sentence."

Section 13–1653 A.R.S. reads in part as follows:

"A. A sentence of imprisonment in the state prison for any term less than life suspends the civil rights of the person so sentenced, and forfeits all public offices and private trusts, authority or power during such imprisonment.

\*　　\*　　\*　　\*　　\*　　\*

"C. Persons sentenced to imprisonment in the state prison for any term shall not thereby be rendered incompetent as witnesses upon the trial of a criminal action or proceeding, or incapable of making and acknowledging a sale or conveyance of property.

"D. The person of a prisoner sentenced to imprisonment in the state prison is under the protection of the law, and any injury to his person, not authorized by law, is punishable in the same manner as if he was not convicted and sentenced. \* \* \*."

We do not attempt to reconcile or to distinguish the cases from other jurisdictions. It is our opinion that Stone has set the course for a humanitarian consideration in this State. It is our opinion that the public policy set forth in Subsection D of § 13–1653 A.R.S., coupled with the lead given by Stone, has placed the protective arm of the State around the inmates of its prison and that under proper circumstances, the inmate has a remedy for injuries to his person. We hold that the proper remedy is through the procedures of the Workmen's Compensation Law.

The award is set aside.

CAMERON and DONOFRIO, JJ., concur.