414 P.2d 144

Carl WATSON, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona and State of Arizona—State Auditor (Arizona State Prison), Respondents.

No. 8628—PR.

Supreme Court of Arizona.

In Banc.

May 12, 1966.

Donald J. Morgan, Phoenix, for petitioner.

Robert K. Park, Chief Counsel, by Dee-Dee Samet, Phoenix, for Industrial Commission and others, respondents.

UDALL, Justice.

This matter is before us by a petition to review the decision of the Court of Appeals reported in 3 Ariz.App. 32, 411 P.2d 455. We have jurisdiction to review this case pursuant to Rule 47(b), Rules of the Supreme Court, 17 A.R.S. and A.R.S. § 12–120.24. The Court of Appeals, Division I, set aside an award of the Arizona Industrial Commission, and held that an inmate of the state prison who was injured while working as a prisoner could recover for injuries sustained pursuant to the Workmen's Compensation Act of this state.

The facts of this case, as reflected by the evidence, are simple and undisputed: Carl Watson, hereinafter referred to as petitioner, on July 7, 1963 was an inmate of the Arizona State Prison serving a sentence for a term of years less than life. On the above date petitioner, while performing work related to the prison farm, came into contact with an electrical wire and received serious electrical shock and burns which have resulted in permanent disfigurement to parts of his body.

At the time of the injury petitioner was an outside trusty having his living quarters,

mess facilities, and assigned work outside the walls of the prison. The work of the prison farm is usually performed without supervision of an armed guard or member of the prison staff. Petitioner was not under direct supervision on the day he was injured, and was a member of a hay crew whose assigned task was to go to the fields, load bales of hay on a truck and unload the hay from the truck at the prison barn. The hay was used to feed livestock of the prison which livestock was, in turn, used to feed the inmates. The products of the prison farm are not sold to the public but no doubt do help reduce the cost of maintaining the prison.

While returning from the field, petitioner was riding on the top of the loaded truck and came in contact with a low-hanging active power transmission line, sustaining injuries. There was testimony that the status of an outside trusty at the prison is sought by the inmates.

The statutes of this state require that all persons sentenced to Arizona State Prison must work unless they are being disciplined. After an initial sixty-day orientation period, those prisoners whose behavior and work record are acceptable, are assigned work duties and receive two days credit on their sentence for every day they work, whether the work is performed within or outside prison walls, or whether under supervision or as a trusty. Prisoners in this state do not receive remuneration for work perform-ed but their reward is a shorter sentence if their conduct otherwise is proper. The only advantage of an outside trusty at the prison is the relative freedom incident there-to plus the psychological benefit derived from lack of strict confinement.

The Industrial Commission found that petitioner at the time of injury was not in the employment of the State of Arizona and that the employer-employee relationship did not exist. As a consequence of this finding, the Commission determined that petitioner's injury was noncompensable. Petitioner complied with appropriate pro-cedural steps and brought the matter before the Court of Appeals by a writ of certiorari to review the action of the Commission.

Both parties agree that the record pre-sents but one question: Was petitioner an employee of the State of Arizona within the provisions of the Workmen's Compen-sation Law? To be entitled to compensa-tion under the Workmen's Compensation Act it is necessary for petitioner to show that he comes within the provisions of Chapter 6, Title 23 of the Arizona Statutes. It is the basic requirements of this sec-tion which determines persons included thereunder as employees.

An examination of the constitution and statutes of the State of Arizona reveal no explicit provision stating that one who is serving time at the Arizona State Prison is or is not covered by the Workmen's

Compensation Act. Therefore, we must consider the purpose and requisites of the Workmen's Compensation Act together with applicable statutes pertaining to prisoners incarcerated in the Arizona State Prison.

The right to compensation under the Workmen's Compensation Act is delineated by the terms of Art. 18, § 8, Constitution of Arizona, A.R.S., which states, in part:

> "The Legislature shall enact a Workmen's Compensation Law applicable to workmen engaged in manual or mechanical labor in all public employment whether of the State, or any political subdivision or municipality thereof * * * and in such private employments as the Legislature may prescribe * * *."

The legislature, in defining the term "employee", specifically states, A.R.S. § 23-901, that it means:

> "4. * * *
>
> (a) Every person in the service of the state, a county, city, town, municipal corporation or school district, including regular members of lawfully constituted police and fire departments of cities and towns, *whether by election, appointment or contract of hire.*" [Emphasis supplied]

Petitioner was not elected or appointed as required by the above statute; therefore, there must be a contract of hire in order to come within the scope of the Workmen's Compensation Law. If the employment relationship arises from any of three methods established by the statute, "some form of duty to serve and remuneration therefor must exist before one may be considered an employee of the state." Ferrell v. Industrial Commission, 79 Ariz. 278, 288 P.2d 492 (1955).

A number of other states have considered the same question and announced the general rule that a prisoner does not come within the scope of workmen's compensation acts absent special legislation extending benefits of the workmen's compensation act to prisoners. Lawson v. Travelers' Ins. Co., 37 Ga.App. 85, 139 S.E. 96 (1927); Shain v. Idaho State Penitentiary, 77 Idaho 292, 291 P.2d 870 (1955); Miller v. City of Boise, 70 Idaho 137, 212 P.2d 654 (1949); Schraner v. State of Indiana, Dep't of Correction, 135 Ind.App. 504, 189 N.E.2d 119 (1963); Greene's Case, 280 Mass. 506, 182 N.E. 857 (1932); Jones v. Houston Fire and Casualty Insurance Co., 134 So.2d 377 (La.App.1961); Brown v. Jamesburg State Home for Boys, 60 N.J.Super. 123, 158 A.2d 445 (1960); Goff v. Union County, 26 N.J.Misc. 135, 57 A.2d 480 (1948); Scott v. City of Hobbs, 69 N.M. 330, 366 P.2d 854 (1961); In re Kroth, 408 P.2d 335 (Okl.1965). But see, California Highway Com'n, etc. v. Industrial Accident Com'n, 200 Cal. 44, 251 P. 808, 49 A.L.R. 1377 (1926).

Some state legislatures have enacted special provisions providing compensation for

effects of injuries received arising out of prison work. See, Gen.Stat. of N.C., § 97–13, Annotated Code of Md., Art. 101, § 35; W.S.A. 56.21, as amended.

"Convicts and prisoners have usually been denied compensation for injuries sustained in connection with work done within the prison, even when some kind of reward attended their exertions. The reason given is that such a convict cannot and does not make a true contract of hire with the authorities by whom he is confined. The inducements which might be held out to him, in the form of extra food or even money, are in no sense consideration for an enforceable contract of hire." 1 Larson, Workmen's Compensation Law, 1952 ed., § 47.31, p. 692.

Petitioner contends that he was performing a service for the state of a definite value at the time of his injury. He claims that his status of a Class A prisoner working outside the walls, for which he volunteered and received special treatment is sufficient to imply a "contract of hire." We cannot follow such reasoning.

█ Certain requirements have been established by our legislature as to individuals sentenced to our state prison. A.R.S. § 31–251, concerning labor required of prisoners, in part states:

"A. The superintendent of the state prison shall require of each able-bodied prisoner as many hours of labor each day during his term of imprisonment as prescribed by the rules of the prison.

"B. Every prisoner faithfully performing such labor and conforming in all respects to the rules, or if unable to work, but complying in all respects to the rules, shall be allowed, if a first offender, from the minimum term of his sentence, or, if a second offender or more, from the maximum term of his sentence, a deduction of two months in each of the first two years, four months in each of the next two years, and five months in each of the remaining years of the term.

\* \* \* \* \* \* "

Subsection A of A.R.S. § 31–252, reads as follows:

"A. A prisoner in the state prison, while working on the public highways or the prison farms as a trusty outside the prison walls and without requiring armed guards, or performing any other assignment of confidence and trust either within or without the prison walls, shall be allowed double time while so employed, and each day so employed shall be counted as two days in computing time on his sentence which shall be deducted, if a first offender, from the minimum term of his sentence, or, if a second offender or more, from the maximum term of his sentence."

It is apparent from the above statutes that every prisoner is required to work and the work is not voluntary as such. If a prisoner does not work, he is disciplined. The selection of individuals to work inside or outside of the prison is necessarily one for the prison administration. The prisoners receive no money for the work and every man who works, whether inside or outside, receives two days credit for one day's work. The deductions are a matter of statutory right. Montgomery v. Eyman, 96 Ariz. 55, 391 P.2d 915 (1964); Orme v. Rogers, 32 Ariz. 502, 260 P. 199 (1927).

█ The purpose of the "two for one" credit is to encourage a prisoner to observe the rules of the prison and to work faithfully, Beaty v. Shute, 54 Ariz. 339, 95 P.2d 563 (1939), and these statutory deductions were not intended as compensation to a prisoner. A prisoner is compelled by statute to perform manual labor as punishment for his criminal offense and has no alternative except to be disciplined for failure to work.

█ A.R.S. § 23–901 requires a "contract of hire" for the Workmen's Compensation laws of this state to apply. These words "imply a voluntary relation between the parties", Greene's Case, supra, which is absent from petitioner's position. A prisoner's status is that of involuntary servitude which is a consequence of his conviction and incarceration.

█ There is a complete absence of remuneration by prisoners as they are getting nothing for their labor except what they are entitled to by statute. They are in no position to bargain for higher wages and "the word 'hire' connotes payment of some kind." Ferrell v. Industrial Commission, supra. A contract of employment contemplates at least two parties capable of giving their consent. Petitioner did not consent to do the work he was doing, but was performing the task as a convict by operation of law and not by consent or contract. We do not believe the essentials of a "contract of hire" are present in this factual situation. There was no agreement voluntarily entered, no consideration, no mutuality of agreement, or intent to contract between competent parties. It has been observed that:

"It is inconceivable that a person who is serving a sentence duly imposed upon him by law and who is incarcerated in an institution established by a State, County, or Municipal Government, because he is performing some work while a prisoner, be deemed an employee of the governmental agent in charge of the jail. To hold otherwise would mean that the officials of a penal institution would be employers of their prisoners whenever they delegate to any of the prisoners the performance of any work that may be necessary to maintain their morale and to aid in their rehabilitation. This would

be contrary to public policy." Goff v. Union County, 26 N.J.Misc. 135, 57 A.2d at 481–482.

The legislature of this state has the sole prerogative to specify the persons to be considered employees within the meaning of the Workmen's Compensation Act. Ferrell v. Industrial Commission, supra. We do not find the relevant statutes on Workmen's Compensation to include prisoners at the State Prison who are injured while performing labor there. The statute does not lend itself to such an interpretation and we do not believe it was ever intended to include this class of persons.

Petitioner strongly urges that we have previously decided this question in Johnson v. Industrial Commission, 88 Ariz. 354, 356 P.2d 1021 (1960), where we held that a county prisoner, loaned to and in the service of a county fair association, was entitled to compensation under the Workmen's Compensation Act. In that case the prisoner was loaned to a private corporation to perform work for the corporation and was under the direction and control of the employer. The corporation provided food, lodging, sundries and cigarettes, the value of which could be considered as compensation and as a basis for an award.

We think the Johnson case is clearly distinguishable and is not controlling in the case at bar. In the instant proceeding, petitioner was not working for a private corporation but was under the supervision of the State and was performing labor under the supervision and direction of the State. Petitioner was working on a prison project and was under supervision of prison officials. Although no official was present when the injury occurred, since petitioner was a trusty, the activities of the prisoners were subject to periodic visits by prison officials who are in charge of the prison work. The work at the State Prison is compulsory and in the Johnson case there was no showing of compulsion. In addition, consideration was shown in the former case whereas we have found none in the case sub judice.

We therefore hold that petitioner at the time of his injury was not covered by the terms of the Workmen's Compensation Act.

We are aware and mindful of the unfortunate circumstances in which petitioner finds himself. The injury to petitioner's hand is serious and will require remedial surgery to correct. It is true that he will not always be a prisoner, and such an injury will probably be permanent and "create the same social problem after he returns to civil life as it would if the injury occurred while he was free." Larson, supra. Regrettable as it may be, petitioner's remedy is not under the Workmen's Compensation Act. A change in the law which would bring such cases within the protection of the Workmen's Compensation Act is within the power of the legislature, not of the courts.

. The decision of the Court of Appeals in this matter is vacated, and the order of the Industrial Commission denying compensation is affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and LOCKWOOD and Mc-FARLAND, JJ., concur.