500 P.2d 1124

Otto A. KNACK, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,
J. V. Moan Corporation, Respond-
ent Employer,

State Compensation Fund, Respondent
Carrier.

No. I CA–IC 705.

Court of Appeals of Arizona,
Division 1,
Department A.

Sept. 19, 1972.

Rehearing Denied Oct. 6, 1972.

Review Granted Nov. 14, 1972.

Lawrence Ollason, Tucson, for petition-
er.

William C. Wahl, Jr., Chief Counsel,
Phoenix, The Industrial Commission of
Arizona, for respondent.

Robert K. Park, Chief Counsel, State
Compensation Fund, by Dee-Dee Samet,
Phoenix, for respondents employer and
carrier.

CASE, Judge.

This appeal by certiorari questions a De-
cision upon Hearing and Findings and
Award for Noncompensable Claim of The
Industrial Commission of Arizona.

In June of 1969, petitioner applied for
the position of cook with respondent em-
ployer. He was told that there was a job
available in Indio, California, which he in-
dicated he would accept. There was no
formal written contract of employment en-
tered into. Petitioner was transported to
his job in Indio by his employer. He was
not reimbursed for the day that he was
traveling, nor did he receive any mileage
or subsistence although a supervisor of re-
spondent did purchase a meal for him.

Petitioner traveled to three states in the
course of his employment; California, Ne-
vada and Oregon. In September of 1969,
while in Oregon, petitioner sustained an
injury when he fell down some stairs. Pe-
titioner sought compensation in Arizona
and, after a hearing, the Commission de-
termined that it was without jurisdiction
since petitioner was not regularly employed
or hired in Arizona within the meaning of

the Workmen's Compensation Act. It is petitioner's contention that he was hired in Arizona and is therefore entitled to the benefits of the Act. We do not agree.

A.R.S. § 23–904, subsec. A provides as follows:

"If a workman who has been hired or is regularly employed in this state receives a personal injury by accident arising out of and in the course of such employment, he shall be entitled to compensation according to the law of this state even though the injury was received without the state."

Our Supreme Court has held that in order for a person to fall within the provisions of the Act, he must be under a duty to perform and he must receive remuneration for his performance. Watson v. Industrial Commission, 100 Ariz. 327, 414 P. 2d 144 (1966). The record reveals that petitioner's 1969 wage and tax statements show his employer's place of business to be Lafayette, California, and further indicates that a California withholding tax was taken from his salary. Petitioner never paid an Arizona withholding tax. It is undisputed that petitioner did not begin his employment until he arrived in California and until such time as he began his employment in that state, he had no more than an expectation of being hired. The fact that a supervisor of respondent employer testified that he had "hired" petitioner in Tucson and petitioner's belief that he was hired in Tucson is not persuasive since neither party can, by agreement, modify the requirements of the Act; nor is the fact that the supervisor may have purchased a meal for petitioner during his trip to California sufficient to bring petitioner within the purview of the Act.

The award is affirmed.

STEVENS, P. J., and DONOFRIO, J., concur.