612 P.2d 1073

**STATE of Arizona, Respondent,**

v.

**Gary Hartwell BARNARD, Petitioner.**

**No. 1 CA–CR 4108–PR.**

Court of Appeals of Arizona,
Division 1,
Department A.

April 3, 1980.

Rehearing Denied May 19, 1980.

Review Denied June 17, 1980.

Charles F. Hyder, Maricopa County Atty. by Sandra L. Janzen, Deputy County Atty., Phoenix, for respondent.

Ross P. Lee, Maricopa County Public Defender by Anne W. Kappes, Deputy Public Defender, Phoenix, for petitioner.

OPINION

FROEB, Presiding Judge.

Petitioner Gary Hartwell Barnard pleaded guilty to the crime of child molesting. He was sentenced on June 27, 1978, to a term in the Arizona State Prison of not less than two nor more than three years. The statute under which petitioner was sentenced, A.R.S. § 13–653,[1] prohibits deduction of good behavior or double time credits until he has served one year:

A person who molests a child under the age of fifteen years by fondling, playing with, or touching the private parts of such child or who causes a child under the age of fifteen years to fondle, play with, or touch the private parts of such person shall be guilty of a felony punishable by imprisonment in the state prison for not less than one year nor more than life without the possibility of parole until the minimum sentence has been served. *In no event shall a person who is convicted under the terms of this section be entitled to the good behavior deduction and the double time deduction prescribed by the provisions of subsection B of § 31–251 and subsection A of § 31–252 until he has served at least one year.* (emphasis added)

According to the testimony at the hearing on the petition for post-conviction relief, the Arizona Department of Corrections is not crediting petitioner with any good behavior or double time credits during the first year of his sentence. The Department's position is based upon its interpretation of A.R.S. § 13–653.

Petitioner concedes that he must complete one year regardless of any credits before he may be released from custody, but argues that A.R.S. § 13–653 does not prohibit the accumulation of these credits during the first year so that they may be applied after the mandatory one-year period has expired, the credits to be applied to his maximum sentence of three years.

[1] Petitioner is correct in his assertion that both the credit for good behavior and

---

1. Now A.R.S. § 13–1410.

the double time credit are matters of statutory right. *See Watson v. Industrial Commission*, 100 Ariz. 327, 414 P.2d 144 (1966). But this right accrues only to the extent that the legislature has granted it. The question, then, is not whether petitioner is entitled to these credits but rather when these credits begin to accrue to reduce his sentence.

*Watson v. Industrial Commission, supra*, and *State v. Rice*, 110 Ariz. 210, 516 P.2d 1222 (1973) relied upon by petitioner are inapposite. *Watson*, insofar as is relevant here, merely holds that the good behavior and double time credits granted by A.R.S. §§ 31–251 and 31–252 are matters of statutory right, while *Rice* does not examine at all the question whether, under A.R.S. § 13–653, the good behavior and double time credits may be deducted during the first year.

■ The fundamental rule in statutory interpretation is to ascertain and give effect to the intention of the legislature. *In the Matter of the Estate of Beaman*, 119 Ariz. 614, 583 P.2d 270 (1978). At the outset, we note that A.R.S. § 13–653, while clear in its requirement that a defendant sentenced under the statute must spend at least one year in custody regardless of credits which might otherwise have been available, is not definite on the question raised by petitioner. We may, therefore, look to the legislative history of the statute for guidance.

■ Successive drafts of the same act are instructive in determining the intent of the legislature, as the substitution or elimination of provisions necessarily involves an element of intent by the drafters. *See* Landis, *"A Note on 'Statutory Interpretation'"*, 43 Harv.L.Rev. 886 (1930). A.R.S. § 13–653 was introduced in 1965 as a part of Senate Bill 48 which dealt with crimes against children. The original version of the act did not contain the one-year period within which the good behavior and double time credits were denied. The act, as introduced, flatly prohibited such credits regardless of the length of sentence:

A person who molests a child under the age of fifteen years by fondling, playing with, or touching the private parts of such child or who causes a child under the age of fifteen years to fondle, play with, or touch the private parts of such person shall be guilty of a felony punishable by imprisonment in the state prison for not less than one year nor more than life without the possibility of parole until the minimum sentence has been served. *A person who is convicted under the terms of this section shall not be entitled to the good behavior deduction and the double time deduction prescribed by the provisions of subsection B of section 31–251 and subsection A of section 31–252.* S.B. 48. Introduced January 25, 1965. (emphasis added)

Through subsequent amendments, the one-year provision was added. The succession of events leading to the final enactment illustrates that the drafters had originally considered not granting the good behavior and double time credits at all. From this combination of circumstances it would appear that the legislature had originally intended to not grant the credits at all to those sentenced under A.R.S. § 13–653 and then later added the condition that would grant the credits only after serving at least one year. Apparently the legislature felt that granting no credit at all would not be consistent with the policies which led to the enactment of A.R.S. § 31–251 and 31–252, those policies being to encourage prison inmates to observe prison rules and to work faithfully. *See Beaty v. Shute*, 54 Ariz. 339, 95 P.2d 563 (1939). From an original position of allowing no credits at all, then, the act progressed to a stage where credits were permitted but only after the individual had served the minimum one year.

■ We conclude from the foregoing that the intent of the legislature was to not permit the accrual of good behavior or double time credits during the first year of incarceration under A.R.S. § 13–653. *Cf. Arizona Press Club, Inc. v. Arizona Board of Tax Appeals*, 113 Ariz. 545, 558 P.2d 697 (1976). The result is that such credits do

not begin to accrue under A.R.S. § 13–653 until at least one year has been served.

Review granted; relief denied.

DONOFRIO and WREN, JJ., concur.