[Civil No. 4177. Filed November 13, 1939.]

[95 Pac. (2d) 563.]

LAWRENCE BEATY, Petitioner, v. EUGENE SHUTE, Warden of the Arizona State Prison, Respondent.

Mr. Harold J. Janson, for Petitioner.

Mr. Joe Conway, Attorney General, and Mr. W. E. Polley, his Assistant, for Respondent.

LOCKWOOD, J.—This is an appeal from a judgment of the Superior Court of Pinal County, denying

the petition of Lawrence Beaty, hereinafter called petitioner, for a writ of *habeas corpus*. The appeal must be determined upon the construction of sections 5318 and 5319, Revised Code of 1928, which read as follows:

"§ 5318. Labor by convicts; deduction from sentence. The board shall require of every able-bodied convict as many hours of faithful labor in each day, during his term of imprisonment, as shall be prescribed in the rules of the prison, and every convict faithfully performing such labor and being in all respects obedient to the rules, or if unable to work, yet faithful and obedient, shall be allowed from his term a deduction of two months in each of the first two years; four months in each of the next two years and five months in each of the remaining years of his term; provided, that any such convict who shall commit an assault upon a fellow convict, guard, or other person belonging to or in anywise connected with said prison, or in any manner endanger the lives of the persons aforesaid, or shall be guilty of any flagrant disregard of the rules, shall forfeit all deductions of time earned by him for good conduct prior to the commission of such offense. Such forfeiture, however, shall only be made by the board of pardons and paroles after due proof of the offense and notice to the offender, nor shall such forfeiture be imposed when a party has violated any rule without violence or evil intent, of which said board shall be the sole judges."

"§ 5319. Double time allowance, forfeiture. All prisoners in the state prison, while working on the public highways, the prison farms, or holding any other position of confidence and trust, while working as trusties outside the prison walls, and without requiring armed guards, shall be allowed double time while so employed, and each day employed in such labor shall be counted as two days in computing time on their sentences; provided, that in case of breach of trust in any manner the board of pardons and paroles, upon the recommendation of the superintendent of the prison, may declare such double time forfeited."

The petitioner was sentenced to serve a term of not less than five nor more than seven years in the Arizona State Prison, commencing October 17, 1936. He filed his petition, claiming that by reason of the reductions in the term of sentence, to which he was entitled under the provisions of the sections above quoted, he has fully served his maximum sentence, and is, therefore, entitled to an unconditional release.

The question of whether petitioner is right in his contention depends upon the method of computing the reductions of sentence allowed by the sections quoted. The provisions of section 5319, *supra,* are simple and easily understood. They require that each day employed in the class of labor set forth in the section shall be counted as two days in computing the time elapsed on the sentence of the prisoner. For example, if he works for one year in that manner, he is entitled to have that counted on his sentence as two years, leaving, in the case of the petitioner, five years yet to serve on his maximum sentence. If he works for two years, it is computed as four years, leaving him three years to serve. In other words, the time he works, computed at two for one, plus the time which he does not so work, computed at one for one, must equal the seven years of the maximum sentence before he is entitled, as a matter of right, to a release, applying this section only. In addition to the allowance for labor under section 5319, *supra,* a prisoner is entitled to a certain amount of credit under the situation set forth in section 5318, *supra.* How is this credit to be computed, and is it to be cumulative to that given by section 5319, *supra?*

The obvious purpose of both sections is to encourage prisoners to observe the rules of the prison and to work faithfully, and if we were to hold the credits thereunder were concurrent, instead of cumulative, a great deal of this incentive would be removed.

They were adopted at different times, and independent of each other, and neither one refers to or limits the application of the other. We think it was the intent of the legislature that the sections were meant to be cumulative in their effect, and not to run concurrently.

There is some question, however, as to the method by which the credit given under section 5318, *supra,* should be computed. First, is the entire credit which might be earned to be credited at the beginning of a sentence, or is it to be credited year by year, as actually earned?

After a careful examination of the sections, we are of the opinion the last is the correct method of computing the time. A prisoner can only be given such credit as he has earned, and if the entire twenty-seven months maximum is earned when the imprisonment commences, then in case of any flagrant disregard of a rule, though it be but a month after the prisoner's sentence has begun, he will forfeit the entire twenty-seven months of credit, for the statute plainly says he

"shall forfeit all deductions of time earned by him for good conduct *prior* to the commission of such offense."

Under such a construction, though his conduct were exemplary for the next six years, he could earn no further good conduct time, for he has already been given credit for the maximum time possible, and cannot receive the credit a second time. This is hardly consonant with either common sense or justice. We hold, therefore, that the good conduct time referred to in section 5318, *supra,* is to be credited to the prisoner at the end of each year, *as it is earned by his behavior,* and used finally when it, together with credits earned under section 5319, *supra,* added to the time already served, equals the maximum sentence.

The next question is whether this good conduct credit given by section 5318, *supra,* is to be calculated

on the double time earned in section 5319, *supra,* or on the time actually served by the prisoner. For the same reasons which caused us to hold that the two classes of good conduct time were cumulative, and not concurrent, we hold that the credit set forth in section 5318 is based on the time actually served, and not on the extra time allowed under section 5319. The petitioner is, therefore, entitled to his release, as a matter of right, when the extra time earned by him under section 5319, plus the good conduct time earned by him under section 5318 (and calculated as we have indicated), added to the actual time of incarceration, amounts to the seven years of his maximum sentence.

■■ Applying these principles to the facts set forth in the petition, which, for the purpose of this appeal, we must assume to be true, we find the petitioner's sentence of seven years began to run on October 17, 1936. The petition for a writ of *habeas corpus* was denied on September 27, 1939. Petitioner had, therefore, actually served two years, eleven months and ten days. Upon the facts set forth in the petition, he had earned, under section 5319, *supra,* a credit of two years, three months and eight days. Under section 5318, *supra,* he had earned a credit, for the period of two years actual time served by him, of four months, and within twenty days would have earned the credit allowed for a third year, or an additional four months. He was, therefore, on the date last stated entitled to a credit upon his sentence of five years, six months and eighteen days. Since this did not equal his maximum sentence of seven years he was not entitled, as a matter of right, to his release, and the trial court properly denied the writ of *habeas corpus.*

Judgment affirmed.

ROSS, C. J., and McALISTER, J., concur.