[Civil No. 4760.  Filed December 11, 1944.]

[154 Pac. (2d) 371.]

HAROLD RUPP, Appellant, v. A. G. WALKER, Superintendent of Arizona State Prison, Appellee.

Messrs. Struckmeyer & Struckmeyer, and Mr. Claude E. Spriggs, for Appellant.

Mr. Joe Conway, Attorney General, and Mr. Thomas J. Croaff, Assistant Attorney General, for Appellee.

ROSS, J.—The petitioner, Harold Rupp, was sentenced to serve a term in the state prison of 7 to 10 years for robbery, beginning on the 12th day of April, 1939. Claiming he had served the maximum sentence for said crime, on September 12, 1944, he filed his petition for a writ of *habeas corpus* before the Honorable W. C. Truman, Judge of the Superior Court of Pinal County, praying for a judgment of the court restoring him to his freedom. The superintendent of the prison answered the petition by alleging that the time of the petitioner's sentence had not expired. At a hearing the writ was quashed, the court having found that petitioner had not served the length of time required by the law. Thus the issue for determination was presented.

The attorney general and the attorneys for petitioner have stipulated the facts to be "that the petitioner has received (served) the term of 3 years, 1 month, 9 days as double time; 4 years, 10 months, 28 days as straight time; and of 1 year as statutory time as of the 12th day of September, 1944." These figures, when added together, show that petitioner has served 9 years, 7 days. The maximum sentence, as above stated, is 10 years.

Petitioner claims in his brief that if he had received all the credits to which he is entitled he has fully paid his debt to the state and earned his liberty. He has accordingly appealed his case to this court for a determination of the question as to whether he has in fact received proper credit for good behavior.

While the stipulation is that petitioner has been credited for 4 years, 10 months, 28 days as straight time, petitioner contends that he should be credited with 5 years, 5 months straight time, and that is the question we have to decide.

The record is that on June 21, 1943, he was released on parole, and 6 months, 2 days thereafter, or on December 23, 1943 he was returned as a "parole violator."

■ As we construe the law, a prisoner on parole is only allowed straight time during such period. Sec. 47–113, Arizona Code Annotated 1939. He can obtain no credit under Section 47–108, Arizona Code Annotated 1939, for it provides for deductions for faithful labor; nor under Section 47–109, Arizona Code Annotated 1939, for such section also provides for the allowance of double time for working on public highways, etc. A parolee not guilty of violating his parole is allowed credit for straight time only. Petitioner at most then would be entitled to 6 months, 2 days time to apply on his maximum sentence, leaving him still indebted to the state 5 months, 21 days.

■ Petitioner insists he is entitled to a credit for good conduct while he was on parole, even though the record discloses he was "returned as a parole violator."

Under Section 47–113, *supra,* a convict on parole is under the control of the pardon clerk and superintendent of the prison "until the expiration of the maximum term specified in his sentence, or until his absolute discharge."

Section 47–114, Arizona Code Annotated 1939, provides that if the prison officers therein named have reasonable cause to believe a paroled prisoner has violated his parole, a warrant shall issue for his retaking at any time prior to the expiration of his maximum sentence.

Section 47–116, Arizona Code Annotated 1939, provides for a hearing of the accusation against the prisoner by the board of pardons and paroles and it "may . . . declare said prisoner to be delinquent, and he may be thereafter imprisoned in said prison

for a period equal to the unexpired maximum term of sentence . . . at the time said parole was granted, unless sooner released or discharged."

There was no declaration by the board of pardons and paroles of delinquency, and without such declaration no deduction from his good conduct time could be made.

■ Section 47-109, *supra,* provides that if a prisoner is guilty of a "breach of trust in any manner" the board of pardons and paroles, on the recommendation of the superintendent, may declare his double time forfeited. This indicates that it was the intention of the legislature that the board of pardons and paroles should declare the forfeiture before any time could be taken from the prisoner on account of the violation of a parole or any other breach of trust. To the same effect is the last sentence in Section 47-108, *supra.*

■ The same or practically the same questions as here raised were passed upon in *Beaty* v. *Shute,* 54 Ariz. 339, 95 Pac. (2d) 563, 565. In that case we said the different credits for good conduct were cumulative and that a prisoner was entitled, in addition to his straight time, to double time and to statutory time, and when these, added together, equal his maximum sentence, he has fully paid his debt to the state. In that connection we said, "that the good conduct time referred to in Section 5318, *supra* (47-108, Arizona Code Annotated 1939), is to be credited to the prisoner at the end of each year, *as it is earned by his behavior,* and used finally when it, together with credits earned under Section 5319, *supra* (47-109, Arizona Code Annotated 1939), added to the time already served, equals the maximum sentence."

It appears, after allowing all credits to which petitioner was entitled, on the 12th day of September,

1944, he was still indebted to the state 5 months and 21 days.

The judgment of the lower court, as modified, is affirmed.

McALISTER, C. J., and STANFORD, J., concur.