405 P.2d 904

**Application of John Charles Von Hecht For a Writ of Habeas Corpus.**

**John Charles VON HECHT, Petitioner,**

**v.**

**Frank A. EYMAN, Warden, Arizona State Prison, et al., Respondents.**

**No. 2 CA–HC 7.**

Court of Appeals of Arizona.

Sept. 30, 1965.

---◆---

John Charles Von Hecht, in pro. per.

Darrell F. Smith, Atty. Gen., James S. Tegart, Asst. Atty. Gen., Phoenix, for respondents.

KRUCKER, Chief Judge.

On November 19, 1963, petitioner was sentenced to a term of not less than three nor more than four years to the Arizona State Prison by the Superior Court of Navajo County, Arizona, Case No. 3186. Petitioner seeks a writ of habeas corpus claiming that his sentence has expired and that he is therefore illegally detained by the Warden of that institution.

Records disclose that the petitioner has been given and is being given all credits due him under the provisions of A.R.S. § 31–251 and § 31–252.

There exists no dispute as to the time served. The defendant, according to the record, has a prior felony conviction and these calculations are based on the maximum sentence of the prisoner.

 Credits allowed under A.R.S. § 31–251 and § 31–252, are to be credited by the year as actually earned and not at the beginning of a sentence. See Beaty v. Shute, 54 Ariz. 339, 95 P.2d 563 (1939). Deductions from sentence for good behavior are a matter of right. Montgomery v. Eyman, 96 Ariz. 55, 391 P.2d 915 (1964).

 Petitioner will not have served the minimum sentence in flat time until November 19, 1966. He cannot claim his credits due on any sentence until the end of a year in which he has earned the credits. At the end of his second year of actual service he will be entitled to the credits earned for that year.

Not having served the maximum sentence imposed after receiving all credits due as of the date of his petition for a writ of habeas corpus (July 21, 1965), he is not illegally held.

The application for a writ of habeas corpus is denied.

HATHAWAY and MOLLOY, JJ., concur.