308

414 P.2d 157

Application of Joe Fragosa for a
Writ of Habeas Corpus.
Joe FRAGOSA, Petitioner,
v.
Frank A. EYMAN, Warden, et al., Arizona
State Prison, Respondent.
No. 2 CA–HC 28.

Court of Appeals of Arizona.
May 13, 1966.

Joe Fragosa, in pro. per.
Darrell F. Smith, Atty. Gen., for re-
spondent.

KRUCKER, Chief Judge.

Petitioner, Joe Fragosa, having filed a
motion for rehearing from the denial of
his petition for a writ of habeas corpus,
raises the question of interpretation and
application of A.R.S. § 31–251. This stat-
ute provides in part:

"B. Every prisoner faithfully perform-
ing such labor and conforming in all
respects to the rules, or if unable to
work, but complying in all respects to
the rules, shall be allowed, if a first
offender, from the minimum term of
his sentence, or, if a second offender or
more, from the maximum term of his
sentence, a deduction of two months in
each of the first two years, four months
in each of the next two years, and five

months in each of the remaining years
of the term."

There is no dispute as to the time the
appellant has actually served or the stat-
utory time allowed for good behavior under
the provisions of A.R.S. § 31–251, or un-
der A.R.S. § 31–252 allowing double time
for labor, but only as to the administrative
application of the statutory time to be
allowed. Petitioner claims that the five
months allowable on his fifth year should
be prorated by the prison administration,
while the prison administration contends,
as is their practice, that statutory time
should be credited at the end of each
given year served. This becomes important
during the last year of a sentence, and
pro rata credit for the statutory time
will, in most cases, effect an earlier release
date.

The late Justice Lockwood, in a most
enlightening review of penal philosophy,
stated in Orme v. Rogers, 32 Ariz. 502,
510, 260 P. 199, 201 (1927):

"The period allowed for good conduct
and certain details in the method of
recording it were changed from time to
time until the adoption of paragraph
2440, Civil Code of 1887, which was
carried over as paragraph 3589, Civil
Code of 1901, and paragraph 1448, Penal
Code of 1913, substantially unchanged,
but it was always based on obedience to
the rules of discipline and not on a
general moral reform, and was a matter
of right and not of discretion."

It is argued that statutory credit for
"good time", being a matter of right, is
denied the prisoner in many cases during
the last year of serving a sentence. How-
ever, we are governed by the holding
expressed in Beaty v. Shute, 54 Ariz.
339, 343, 95 P.2d 563, 565 (1939), in which
the Supreme Court of Arizona was con-
fronted with the same issue presented here.
The opinion, unaffected by subsequent de-
cision, states:

"We hold, therefore, that the good con-
duct time referred to in section 5318,
supra, is to be credited to the prisoner

at the end of each year, *as it is earned by his behavior,* and used finally when it, together with credits earned under section 5319, supra, added to the time already served, equals the maximum sentence."

We have followed the above decision in our original ruling denying the writ of habeas corpus and hold that the statutory time should not be credited until the end of a given year.

The petition for rehearing is denied.

HATHAWAY and MOLLOY, JJ., concur.