504 P.2d 54

**Jimmy Power RABON, Appellant,**

v.

**The STATE of Arizona ex rel. Frank A. EY-
MAN, Warden, Arizona State Pris-
on, Appellee.**

**No. 2 CA–CIV 1234.**

Court of Appeals of Arizona,
Division 2.

Dec. 19, 1972.

Rehearing Denied Jan. 10, 1973.

Jimmy Power Rabon, in pro. per.

Gary K. Nelson, Atty. Gen., by Peter
Van Orman, Asst. Atty. Gen., Phoenix, for
appellee.

KRUCKER, Chief Judge.

This is an appeal from a dismissal with-
out a hearing of a petition of habeas corpus
filed by appellant on March 3, 1972.

The facts are briefly as follows. On
November 17, 1965, appellant was found
guilty of illegal sale of marijuana and
sentenced to imprisonment "for a period
of not less than fifteen nor more than
twenty years, time to run from this date."
On December 22, 1965 he arrived at the
state penitentiary. Although it is in con-
flict, according to his petition appellant
contends that he was assigned a two for
one job on January 11, 1966.[1] Having
worked on his assigned job ever since his
incarceration, and never having had any
disciplinary action brought against him, he
contends that the prison authorities have
miscalculated his release date under A.R.S.
§ 31–251, subsec. B, as amended (good con-
duct time) and A.R.S. § 31–252, subsec. A
(double time), and that under a clear read-
ing of these statutes he was entitled to be
released from prison approximately two

1. In his opening brief, appellant contends
he was assigned a "two-one" job approxi-
mately two weeks after his arrival. The
State, in its answering brief, simply
states that appellant started his "two-
one" job February 10, 1966. Appellant's

reply brief states that he was assigned a
"two-one" job on January 11, 1966. For
purposes of this appeal, we shall con-
sider the "double time" deduction from
January 11, 1966.

**524**

months prior to the filing of his petition. We do not agree.

A.R.S. § 31–251, subsec. B, as amended (good conduct time) provides as follows:

\* \* \* \* \* \*

"B. Every prisoner faithfully performing such labor and conforming in all respects to the rules, or if unable to work, but complying in all respects to the rules, shall be allowed, if a first offender, from the minimum term of his sentence, or, if a second offender or more, from the maximum term of his sentence, a deduction of two months in each of the first two years, four months in each of the next two years, and five months in each of the remaining years of the term."

 Appellant, being a second offender, must have his "good conduct time" under A.R.S. § 31–251 subsec. B, as amended, deducted from the 20-year projected flat maximum release date. Such deductions are only credited to a prisoner at the end of each year in which they are served. Fragosa v. Eyman, 3 Ariz.App. 308, 414 P.2d 157 (1966). Therefore, appellant having served six years, three months and 16 days as of the filing of the petition, he is currently entitled to a deduction of one year and ten months under A.R.S. § 31–251, subsec. B, as amended.

A.R.S. § 31–252, subsec. A, which authorizes deduction from sentence when a prisoner works on certain jobs, provides:

"A. A prisoner in the state prison, while working on the public highways or the prison farms as a trusty outside the prison walls and without requiring armed guards, or performing any other assignment of confidence and trust either within or without the prison walls, shall be allowed double time while so employed, and each day so employed shall be counted as two days in computing time on his sentence which shall be deducted, if a first offender, from the minimum term of his sentence, or, if a second offender or more, from the maximum term of his sentence."

Like "good conduct time" under A.R.S. § 31–251, subsec. B, as amended, it too credits deductions to a prisoner only at the end of each year in which it is served. Fragosa v. Eyman, supra; Hecht v. Eyman, 1 Ariz.App. 594, 405 P.2d 904 (1965). Appellant is therefore entitled to six years "double time" deduction under A.R.S. § 31–252, subsec. A even though he has actually served six years, three months and 16 days.

Because the flat time served as of the date of the filing of the petition (six years, three months and 16 days) added to the "good conduct time" under A.R.S. § 31–251, subsec. B, as amended, (one year and ten months), and the "double time" deduction under A.R.S. § 31–252, subsec. A (six years) does not amount to appellant's maximum sentence, the trial court was correct in dismissing appellant's petition without a hearing.

Judgment affirmed.

HATHAWAY and HOWARD, JJ., concur.