504 P.2d 949

**Don JONES, Appellant,**

v.

**STATE of Arizona ex rel. Frank A. EYMAN, Warden, Arizona State Prison, Appellee.**

**No. 2 CA–CIV 1294.**

Court of Appeals of Arizona, Division 2.

Dec. 27, 1972.

Rehearing Denied Jan. 30, 1973.

See 505 P.2d 1044.

Don Jones, in pro. per.

Gary K. Nelson, Atty. Gen., by Howard L. Fell, Asst. Atty. Gen., and C. Burton Cosgrove, III, Third Year Law Student Certified, Under Rule 28(e), Tucson, for appellee.

HOWARD, Judge.

This is an appeal from a summary dismissal of a petition of habeas corpus filed by the appellant in propria persona.

On September 28, 1968, the appellant was arrested and accused of the crime of murder. On April 29, 1969, appellant was found guilty of second degree murder and was sentenced to a term of not less than ten nor more than twelve years in the Arizona State Prison. The judgment and sentence provided that the sentence was to run from the date of appellant's incarceration in the Maricopa County Jail, which was September 28, 1968.

On May 16, 1969, appellant was transferred from the Maricopa County Jail to the Arizona State Prison. Two months later he received a release slip which indicated that his maximum sentence would expire on July 16, 1974. Several months later he received another release slip which informed him that his maximum release date was June 1, 1974.

On June 21, 1972, the appellant filed an application for a Writ of Habeas Corpus in the Superior Court of Pinal County claiming his release date was erroneous since he was not given credit under A.R.S. §§ 31–251 and 31–252 for the time he had spent in the Maricopa County Jail.

A.R.S. § 31–251, subsec. B, as amended, provides for certain deductions from a sentence for "good time" and for performing labor. A.R.S. § 31–252 provides that a prisoner working as a trusty shall be allowed double time while so employed.

Both §§ 31–251 and 31–252 refer only to the rules of the State Prison and the labor required by the superintendent of the State Prison. Therefore, it follows that a convicted felon can earn credit under those sections only while he is serving time at the State Prison. Although a prisoner may be credited with time served while awaiting trial or prior to being transferred to the State Prison, the "double time" provision and "good time" provision apply only to time served in the Arizona State Prison. Beaty v. Shute, 54 Ariz. 339, 95 P.2d 563 (1939); Rupp v. Walker, 62 Ariz. 101, 154 P.2d 371 (1944).

Affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.