87 F.3d 1320
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Chester "Jesse" L. MICHAELIS, Petitioner-Appellant,
v.
Samuel A. LEWIS, Director, Arizona Department of
Corrections; Attorney General of the State of
Arizona, Respondents-Appellees.
 No. 95-16895.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 14, 1996.
 
 Before: CANBY, JOHN T. NOONAN, JR., and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Chester "Jesse" L. Michaelis appeals pro se from the district court's denial of his habeas corpus petition challenging the calculation of his prison release date. The Arizona Department of Corrections determined that Michaelis should be released on April 11, 2002. Michaelis argues that his sentence should have expired on August 25, 1994. Michaelis asserted in his original petition that he should have been released on September 26, 1994, according to the amount of good-time credits he had accrued up to that date.
 
 
 3
 The district court exercised jurisdiction over Michaelis' petition pursuant to 28 U.S.C. § 2254. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.
 
 
 4
 We review de novo the district court's decision to deny Michaelis' petition for habeas corpus. Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995). To prevail on his petition, Michaelis must show that he has been denied a constitutionally protected liberty interest. Jackson v. Ylst, 921 F.2d 882, 886 (9th Cir.1990); Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 843 (9th Cir.1985). In McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir.1986), we held that Arizona created a liberty interest in the receipt of good-time credits under former A.R.S. § 31-251 (amended, 1977 Sess.Laws Ch. 142, § 182) and former A.R.S. § 31-252 (repealed, 1977 Sess.Laws Ch. 142, § 181). Thus, if Michaelis has been denied good-time credits in violation of Arizona law, we may grant him relief.
 
 
 5
 The State and Michaelis agree as to the amount of good-time credits Michaelis has earned, save for the amount of time credited to Michaelis for the time he served in county jail prior to commencement of his current sentence. Under A.R.S. §§ 31-251 and 31-252, Michaelis can earn two kinds of good-time credit: (1) copper time, which he earns for good conduct; and (2) double time, which he earns for performing various assignments in and outside the prison.
 
 
 6
 The State contends that Michaelis' mandatory release date occurs when his good-time credits and his actual time served equal his maximum sentence. As of September 26, 1994, Michaelis had served 18 years and 1 month in prison. His earned copper-time credits amounted to 6 years and 5 months. His earned double-time credits amounted to 17 years. His actual time served plus earned release credits equaled 41 years and 6 months. According to the State's calculation, as of September 26, 1994, Michaelis must serve additional time plus earn good-time credits totalling 18 years and 6 months before being entitled to release.
 
 
 7
 Although it is unclear from the pleadings, Michaelis appears to have calculated his release date by first redetermining his maximum sentence each year by deducting his copper-time and double-time credits from the original maximum sentence of 60 years. He then credited his time served with his total good-time credits. Essentially, Michaelis argues that A.R.S. §§ 31-251 and 31-252 reduce his maximum sentence by the total amount of good-time credits earned and permit him to credit them toward his time served. Michaelis thus argues that his maximum sentence has been reduced from 60 years to 41 years and 6 months, and that his time served to date plus his credit earned entitles him to immediate release.
 
 
 8
 We conclude that the district court properly applied Arizona law and correctly interpreted A.R.S. §§ 31-251 and 31-252 to permit Michaelis' release only when his time served plus his good-time credits equal his maximum sentence of 60 years. Arizona courts have consistently held that under A.R.S. §§ 31-251 and 31-252, a prisoner is "entitled to earn, and have credited against his maximum sentence, the statutory credits allowed sentenced prisoners," and that a prisoner is "entitled to an absolute release when his time served plus his statutory credits equal his maximum sentence." Arnold v. Moran, 560 P.2d 1242, 1244 (Ariz.1977); Tyree v. Moran, 550 P.2d 1076, 1078 (Ariz.1976); Escalanti v. Department of Corrections, 851 P.2d 151, 153 (Ariz.App.1993); Rabon v. State ex rel. Eyman, 504 P.2d 54, 524 (Ariz.App.1972); Von Hecht v. Eyman, 405 P.2d 904, 905 (Ariz.App.1965). Despite Michaelis' argument to the contrary, none of these decisions suggests that earned good-time credits reduce a prisoner's maximum sentence.
 
 
 9
 Moreover, nothing suggests that the Arizona state courts have interpreted A.R.S. §§ 31-251 and 31-252 in such a manner as to create a "subterfuge to evade the consideration of a federal issue." Peltier v. Wright, 15 F.3d 860, 861 (9th Cir.1993). Because there is no such subterfuge here, we must accept the Arizona court's interpretation of A.R.S. §§ 31-251 and 31-252, id., which supports the State's calculation of Michaelis' release date.
 
 
 10
 Michaelis argues that the district court failed to apply the rule of lenity and the plain language doctrine in interpreting A.R.S. §§ 31-251 and 31-252. "Under the rule of lenity, where the language of the statute is open to more than one interpretation, we must choose the interpretation least likely to impose penalties unintended by Congress." United States v. Arzate-Nunez, 18 F.3d 730, 736 (9th Cir.1994). "Thus, while we cannot ignore the plain meaning of a statute, we must construe an ambiguous statute in favor of a criminal defendant." Id. We disagree with Michaelis that A.R.S. §§ 31-251 and 31-252 are ambiguous, and therefore we decline his invitation to apply the rule of lenity here. Michaelis' contention that the statutes are ambiguous relate to the State's application of them in circumstances that would permit parole or release before a prisoner had served his minimum sentence. That situation is not before us. Furthermore, Michaelis himself argues that the plain meaning doctrine should be applied to A.R.S. §§ 31-251 and 31-252, thereby contradicting his own argument that those statutes are ambiguous.
 
 
 11
 In his reply brief, Michaelis revives his argument put forward below that the district court should grant him an evidentiary hearing. The magistrate's report and recommendation, adopted by the district court, denied Michaelis' motion, in part because the state court already provided Michaelis an evidentiary hearing. In any event, because Michaelis' argument turns primarily on legal rather than factual issues, we conclude that the district court did not abuse its discretion in denying Michaelis' motion for an evidentiary hearing. See Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991). Michaelis' reply brief also raises numerous arguments outside the scope of his petition, on which the district court did not rule. We will not entertain those arguments for the first time on appeal. See United States v. Montoya, 45 F.3d 1286, 1300 (9th Cir.) (declining to address issues not raised in opening brief), cert. denied, 116 S.Ct. 67 (1995); United States v. Mondello, 927 F.2d 1463, 1468 (9th Cir.1991) (declining to consider argument raised for the first time on appeal). Finally, we deny Michaelis' request that we sanction the State for making arguments not grounded in fact or law.[1]
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because we affirm the district court's denial of Michaelis' motion under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal