NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Respondent*,

*v.*

ROBERT B. STEWART,
*Petitioner*.

No. 1 CA-CR 14-0024 PRPC
FILED 12-3-2015

Appeal from the Superior Court in Maricopa County
No. CR0000-073417
The Honorable Pamela S. Gates, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Lisa Marie Martin
*Counsel for Respondent*

Robert B. Stewart, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Maurice Portley joined.

---

**O R O Z C O, Judge**:

¶1        Robert B. Stewart petitions this court for review from the dismissal of his petition for post-conviction relief.  We have considered the petition for review.  For the reasons stated, we grant review but deny relief.

¶2        Stewart pled guilty to first degree rape in 1972 and the trial court sentenced him to a term of forty years to natural life imprisonment. The Arizona Supreme Court affirmed his conviction and sentence.  Stewart now seeks review of the summary dismissal of his fourth successive petition for post-conviction relief.   We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9.c and Arizona Revised Statute (A.R.S.) section 13-4239.C (West 2015).[1]

¶3        Stewart properly presents two issues for review.  Stewart argues the department of corrections has held him beyond the date his sentence should have expired because the department has not correctly calculated and/or applied the time "deductions" Stewart has earned during his imprisonment.  Stewart also asks this court to modify his sentence to a fixed, maximum number of years' imprisonment, order the department of corrections to calculate the amount of the deductions in time he has earned and apply those deductions to that maximum term so that he may benefit from those deductions.[2]   We deny relief because Stewart misconstrues the nature of his sentence and the provisions of the Arizona criminal sentencing scheme that apply to him.

---

[1]     We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

[2]     The State argues we have no jurisdiction because Stewart has not presented a cognizable claim for relief pursuant to Rule 32.1.  We find Stewart has presented a claim sufficient to establish jurisdiction under Rule 32.1.d (petitioner being held after the expiration of sentence).

¶4            First, Stewart has no release date nor a sentence expiration date to which to apply the deductions in the manner he seeks. Stewart will remain in prison for the rest of his life unless he is placed on parole or receives an absolute discharge. A trial court must sentence a criminal offender pursuant to the laws in effect at the time of the offense. *State v. Newton*, 200 Ariz. 1, 2, ¶ 3 (2001). Stewart committed the offense in 1972. The sentence for first degree rape at that time was imprisonment for life or for any term not less than five years. *State v. Molina*, 106 Ariz. 431, 431-32 (1970) (citing the former A.R.S. §§ 13-611(A) and -614(A)). At that time, Arizona law also mandated "indeterminate" sentences for persons sentenced to prison for felony convictions. *Ard v. State ex rel. Superior Court*, 102 Ariz. 221, 222 (1967) (citing the former A.R.S. § 13-1643(A)). An indeterminate sentence is a sentence that identifies both a minimum and maximum limit, not just a single fixed term of years as a trial court would impose under the current sentencing scheme. *Id.* Therefore, in Stewart's case, the trial court was required to impose an indeterminate sentence with a minimum term of not less than five years and a maximum term of not more than natural life. As noted above, the court sentenced Stewart to an indeterminate sentence of forty years to natural life.

¶5            The amount of time Stewart will serve pursuant to his indeterminate sentence, however, is ultimately not up to the sentencing court, the department of corrections or this court. Further, the minimum limit of an indeterminate sentence does not determine a mandatory release date nor a sentence expiration date. Defendants sentenced to an indeterminate sentence who have completed their minimum term and who seek to obtain release before the expiration of their maximum term must apply to the board of executive clemency for parole or for absolute discharge. *State v. Rice*, 110 Ariz. 210, 213 (1973) (citing the former A.R.S. § 31-411(A)).[3] "Under the indeterminate sentence procedures, the actual time served within the framework of the sentence depends upon the [board of executive clemency's] view of the prisoner's record, rehabilitation, and prospects of becoming a good citizen when set free." *State v. Hays*, 109 Ariz. 123 (1973) (overruled on other grounds by *State v. Lewis*, 109 Ariz. 466 (1973)). Therefore, it is the board of executive clemency that ultimately determines the actual amount of time a defendant will serve pursuant to an indeterminate sentence. *Id.* Stewart has submitted multiple applications to the board of executive clemency since 1985 and the board has placed

---

[3]            We refer to the board of executive clemency because the relevant functions of the former board of pardons and paroles that existed at the time Stewart committed his offense are now within the functions of the board of executive clemency. A.R.S. §§ 31-411, *et seq.* (2015).

Stewart on parole twice since 1986. Unless and until the board places Stewart on parole again or grants him an absolute discharge, Stewart will remain in prison for the remainder of his life.

**¶6** Second, Stewart misconstrues how the time deductions he has earned are applied to his sentence. Stewart has earned deductions by two methods. Pursuant to the former A.R.S. § 31-251(B), Stewart has earned deductions for labor he has performed while in prison. *See Hogan v. Ariz. Bd. of Pardons and Paroles*, 108 Ariz. 472, 473-74 (1972). This credit is known colloquially as "copper time." *State v. Valenzuela*, 144 Ariz. 43, 45 (1985). Pursuant to the former A.R.S. § 31-252(A), Stewart has also earned credit for work or assignments "of confidence and trust[.]" *Rabon v. State ex. rel. Eyman*, 18 Ariz. App. 523, 524 (1972). This credit is known colloquially as "double time." *Valenzuela*, 144 Ariz. at 45. At the time Stewart committed his offense, both types of deductions applied to the minimum term of a first-time offender's indeterminate sentence. *See Hogan*, 108 Ariz. at 473-74; *Rabon*, 18 Ariz. App. at 524.[4] As noted above, however, the minimum sentence imposed by the trial court does not determine a mandatory release date nor does it determine a sentence expiration date. The deductions in time that Stewart earned merely allowed Stewart to apply for parole or absolute discharge at an earlier period in his sentence – the minimum term minus the "copper time" and "double time" he earned. *Rice*, 110 Ariz. at 213-14 (addressing the former A.R.S. § 31-411(A) and applications for parole or absolute discharge from indeterminate sentences).[5] Therefore, Stewart received the benefit of his time deductions in the manner contemplated by the applicable sentencing statutes.

**¶7** While the petition for review presents additional issues, these are issues Stewart did not raise in his petition for post-conviction relief filed

---

[4] The legislature later amended these statutes to apply the deduction to the maximum term of any offender's sentence. *Valenzuela*, 144 Ariz. at 45.

[5] The former A.R.S. § 31-411(A) also provides that a defendant who has served one-third of the minimum sentence, without consideration of any time deduction, and who has served at least one year in prison may apply for parole but not absolute release. *Rice*, 110 Ariz. at 213. In short, the former A.R.S. § 31-411(A) permits a defendant who completes a third of the minimum limit of an indeterminate sentence, without consideration of any time deductions, to apply for parole. It permits a defendant who completes the minimum limit of an indeterminate sentence, including consideration for deductions in time, to apply for parole or absolute release.

below or issues he raised or could have raised in prior post-conviction relief proceedings. A petition for review may not present issues not first presented to the trial court. *State v. Ramirez*, 126 Ariz. 464, 467 (App. 1980); *State v. Wagstaff*, 161 Ariz. 66, 71 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577 (App. 1991); Ariz. R. Crim. P. 32.9.c.1(ii). Further, any claim a defendant raised or could have raised in an earlier post-conviction relief proceeding is precluded. Ariz. R. Crim. P. 32.2.a. None of the exceptions under Rule 32.2.b apply here.

¶8　　　　For the foregoing reasons, we grant review but deny relief.



**Ruth A. Willingham · Clerk of the Court**
F I L E D : ama